Filing # 102380914 E-Filed 01/28/2020 06:30:01 PM

THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT

IN AND FOR LAKE COUNTY, FLORIDA

| | | |
|---|---|---|
| COURTNEY B. ANDERSON,<br>Plaintiff, | )<br>) | Case No. 2019-CA-2566 |
| -v- | )<br>)<br>) | |
| BEST BUY STORES, L.P., a foreign limited partnership; COUPONS IN THE NEWS d/b/a couponsinthenews.com, a foreign corporation; NAMECHEAP, INC. a foreign corporation; WHOISGUARD, INC. a foreign corporation; WHOISGUARD PROTECTED, a foreign corporation and FICTITIOUS DEFENDANTS DOEs 1-3,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Jury Trial:      Yes |

## SECOND CORRECTED FIRST AMENDED COMPLAINT

Plaintiff, COURTNEY B. ANDERSON, sues Defendants, BEST BUY STORES, L.P.; COUPONS IN THE NEWS d/b/a couponsinthenews.com; NAMECHEAP, INC.; WHOISGUARD, INC.; WHOISGUARD PROTECTED; and FICTITIOUS DEFENDANTS DOEs 1-3 and corrects **Count Six** and states:

### PARTIES

A. Plaintiff, COURTNEY B. ANDERSON, resides in Lake County, FL, hereafter **ANDERSON**.

B. Defendant BEST BUY STORES, L.P. is authorized to do business in the State of Florida, with a principal place of business at 552 N. US Hwy 27, Lady Lake, FL 32159, hereafter **BEST BUY STORE**.

C. Defendant BEST BUY STORES, L.P. has its principal place of business at 7601 Penn Avenue S, Richfield, MN 55423, hereafter **BEST BUY**.

1

EXHIBIT D

D.  Defendant COUPONS IN THE NEWS d/b/a couponsinthenews.com (its domain name), hereafter **COUPONS**, is registered in Panama, and according to the Whoisguard domain report of July, 2019 (**EXHIBIT C**, attached hereto), its principal business address is Salduba Bldg., 3rd Floor, 53rd East Street, Urbanización Marbella, Panama City, Republic of Panama.

E.  Defendant NAMECHEAP, INC. is purportedly an Arizona corporation with principal business offices at 4600 East Washington Street, Suite 305, Phoenix, Az 85034, but has twice in 2019 been rejected for registration in Arizona. Its current principal business offices are purportedly at 11400 W. Olympic Blvd, Suite 200, Los Angeles, CA 90064, hereafter **NAMECHEAP**.

F.  Defendant WHOISGUARD, INC. purportedly has a principal place of business at Salduba Bldg., 3rd Floor, 53rd East Street, Urbanización Marbella, Panama City, Republic of Panama, hereafter **WHOISGUARD**.

G.  Defendant WHOISGUARD PROTECTED purportedly has an address of P.O. Box 0823-03411, Panama City, Panama, hereafter **WHOISGUARD PROTECTED**.

H.  Defendants FICTITIOUS DEFENDANTS DOEs 1-3, hereafter **DOEs** are owners, agents or licensees of the **couponsinthenews.com** website and/or have a business relationship with Namecheap, Whoisguard, WhoisGuard Protected since WhoisGuard is the listed Registrant Organization for couponsinthenews.com and Namecheap is the listed Registrar and WhoisGuard Protected is listed as the Registrant Name (See Exhibit C attached).

I.  NAMECHEAP, WHOISGUARD, WHOISGUARD PROTECTED and DOEs are the owners, agents and/or licensees of COUPONS and operate, control, administer and/or maintain couponsinthenews.com. The names and addresses of the entities or individuals

2

who own this website are known to defendants NAMECHEAP, WHOISGUARD, WHOISGUARD PROTECTED and to DOEs, but are concealed in order to further their unlawful conduct.

## INTRODUCTION

This is an action for damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS exclusive of interest and costs. It arises out of defendants' illegal and improper use and appropriation of the likeness of plaintiff ANDERSON, without her express or implied authorization, in connection with advertising and solicitation by defendants. It is an action for:

**Count One:**     Violation of FS 540.08 – Unauthorized Publication of Name or Likeness.  **EXHIBIT A** attached; Note the elements are a publication of a person's likeness for commercial purposes without the consent of the person;

**Count Two:**     Violation of Common Law Invasion of Privacy - Misappropriation;

**Count Three:**   Intentional/Reckless Infliction of Emotional Distress;

**Count Four:**    Unjust Enrichment;

**Count Five:**    Agents for Undisclosed Principal.

**Count Six:**     Malicious Prosecution

## GENERAL ALLEGATIONS

1. On January 16, 2016, plaintiff ANDERSON was shopping in the BEST BUY STORE at 522 N US Highway 441, Lady Lake, Fl, when a dispute over coupons arose between a BEST BUY STORE employee and ANDERSON.

2. The BEST BUY STORE employee, with the approval and/or assistance of the floor manager, called 911 with the intent to have ANDERSON "trespassed" (in his words) and

3

when asked by the 911 operator about the nature of the call, he responded by saying ANDERSON was "showing her a...."

3. On or about January 27, 2016, COUPONS, in their online, Internet advertisement used a picture/article (hereafter **Subject Advertisement**) that labeled ANDERSON the "Pantless Couponer" and superimposed her photograph over the internationally recognizable BEST BUY logo. Attached to the photograph is an article that states she "allegedly dropped her pants," thereby contemptuously ridiculing and maliciously dehumanizing plaintiff on the Internet, nationally and globally. Further, the article is scornful and taunts and mocks her by repeatedly calling attention to her pants as follows: "...she'll have to go somewhere else to buy... preferably with her pants on." "...Literally. Please. Keep your pants on." The photograph is a mug shot greatly enlarged to almost half a page and the article includes advertising requests "...if you like this article, please consider subscribing.", plus it directs the public to "share" by including links to Facebook, Twitter, RSS Feed and email newsletter, and it clearly advertises BEST BUY. **EXHIBIT B** attached.

4. The law enforcement records, including affidavits of a BEST BUY STORE employee and a floor manager, do not corroborate that ANDERSON took her pants off. It did not happen.

5. ANDERSON has never given her consent to anyone for the use of her photograph for any reason and although mugshots are published by law enforcement, they cannot be commercialized or used for advertising and personal gain by anyone, including greedy, secreted mercenaries.

6. From on or about January 16, 2016, to the present, the Subject Advertisement with ANDERSON's photograph superimposed over BEST BUY's logo, has been published and accessible to the general public nationally as well as internationally, and due to the nature

of the Internet, with the impetus to go "viral" and gain traffic to COUPONS, BEST BUY STORE, BEST BUY and DOEs, the Subject Advertisement will forever be available in the couponsinthenews.com archives, and potentially also on Facebook, Twitter, RSS Feed, plus any subscriber's email or any other shared platform.

7. The publication of ANDERSON's photograph in the Subject Advertisement which is deliberately expanded to the size of a half-page, so that the large birthmarks on her face are prominently displayed as in a freak show, caused a member of the general public to refer to them as meth marks, even though she has never used any illegal drugs. Such use of her picture was deliberate and done with a callous disregard for her feelings and rights, marking her as a deplorable person, a menace to society and a loathsome human being, all inflicting in her extreme emotional distress.

8. Neither COUPONS, BEST BUY STORE, BEST BUY nor any other defendant, nor anyone on their behalf, ever contacted plaintiff ANDERSON to obtain permission to use her photograph in connection with their promotional materials nor has ANDERSON ever given either express or implied authority to anyone to use her photograph for advertising or for any other purpose. Since the Internet is a world-wide distribution center and the Subject Advertisement appeared on numerous sites, the reach of the photograph and article in the Subject Advertisement and its effect in the life of ANDERSON is immeasurable from the standpoint of the impact it has had and continues to have in her humanity, in her soul, and in her spirit.

9. The Subject Advertisement included a photograph of the BEST BUY logo indicating it was an advertisement for BEST BUY STORE and BEST BUY as well as for COUPONS. With the use of BEST BUY's logo, the three of them were sending out a message that BEST

BUY STORE and BEST BUY were some of the satisfied subscribers sought by COUPONS and at the same time, they were advertising for all three.

10. Each of the defendants knew, or should have known, that ANDERSON's photograph was being used for commercial purposes without her knowledge or consent and that the article shown in the Subject Advertisement is a salacious, derisive and scornful fabrication, intentionally mocking ANDERSON for the sole purpose of soliciting more business for each of the said defendants without any regard whatsoever for the rights of ANDERSON and for her humanity, all of which inflicted great mental suffering.

11. Each defendant knew, or should have known, that the Subject Advertisement will be forever accessible online and thus, forever damaging to plaintiff's reputation so that she will always be subject to unfairly being treated with scorn.

12. Plaintiff has been required to hire the services of the undersigned attorney.

### COUNT ONE – VIOLATION OF FS 540.08

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-12, supra, as if set forth fully herein and further alleges:

13. For the commercial purpose of soliciting subscribers and thereby increasing valuable traffic to both couponsinthenews.com, which offers coupons services and advertisements, and to BEST BUY STORE, BEST BUY and all defendants, COUPONS published the Subject Advertisement in which they used the photograph of ANDERSON without her authorization or consent, all for their benefit and without any payments made or to be made in the future to ANDERSON.

14. Plaintiff's photograph used in the Subject Advertisement was greatly enlarged and superimposed on the BEST BUY logo together with a salacious article, extremely mocking

6

and demeaning of plaintiff, all for the benefit of defendant without any regard for plaintiff's rights or her humanity.

15. That the photograph of plaintiff ANDERSON in the Subject Advertisement was superimposed on an equally large picture of the BEST BUY logo, together with the above-described disgusting article about the incident in BEST BUY STORE suggested to the general public that BEST BUY STORE and BEST BUY approved the article and the use of ANDERSON's photograph, thereby lending credibility to the outrageous Subject Advertisement and inflicting even greater mental suffering.

16. Based upon the foregoing, plaintiff ANDERSON has been virtually unemployable, and has suffered damages, including but not limited to the loss of compensation that would have been due her, severe emotional trauma, irreparable pain and severe mental anguish as well as an aggravation of a pre-existing illness, all of which has resulted in loss of wages and costs for required medical care and caretakers. In addition, she has been required to be more financially dependent on her parents and she has suffered a loss of the capacity to enjoy life. Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of Fifteen Thousand ($15,000) Dollars, together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants BEST BUY STORES, L.P.; COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; NAMECHEAP, INC.; WHOISGUARD, INC; WHOISGUARD PROTECTED; DOEs 1-3, and for any other and further relief this Court deems just and proper.

## COUNT 2 - COMMON LAW INVASION OF PRIVACY - GENERAL

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-12, supra, as if set forth fully herein and further alleges:

17. The state of Florida recognizes a common law right to publicity which imposes liability on a defendant who invades a person's privacy by commercially misappropriating his/her likeness.

18. The use of ANDERSON's likeness in connection with promotional materials was done for the purposes of trade, for commercial and advertising purposes.

19. The elements of a common law misappropriation claim in Florida are substantially identical to a claim under F. S. 540.08 - namely misappropriation and commercial exploitation of one's likeness for monetary gain - and both claims may be brought in the same action.

20. ANDERSON did not provide any express written or oral consent to any of the defendants, or anyone else, to use her photograph or likeness in connection with any of the defendant's promotional materials, including advertising.

21. Defendants used ANDERSON's image with the intent to capitalize on her misfortune by making fun of her in a fabricated story with a selected photograph depicting her birthmarks.

22. Defendant's violation of plaintiff's rights under Florida's common law caused her damages including but not limited to the loss of compensation that would have been due her.

23. Based upon the foregoing, plaintiff ANDERSON has been virtually unemployable, and has suffered damages including but not limited to the loss of compensation that would have been due her, has suffered irreparable pain and severe mental anguish as well as an aggravation of a pre-existing illness, all of which has resulted in loss of wages and costs

for required medical care and caretakers. In addition, she has been required to be more financially dependent on her parents and she has suffered a loss of the capacity to enjoy life. Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of Fifteen Thousand ($15,000) Dollars, together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants BEST BUY STORES, L.P.; COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; NAMECHEAP, INC.; WHOISGUARD, INC; WHOISGUARD PROTECTED; DOEs 1-3, and for any other and further relief this Court deems just and proper.

## COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-12, supra, as if set forth fully herein and further alleges:

24. Because BEST BUY STORE, BEST BUY and COUPONS complicit with NAMECHEAP, WHOISGUARD, WHOISGUARD PROTECTED and DOEs, callously and with a total disregard for the rights and feelings of ANDERSON published the Subject Advertisement solely to obtain greater profits for the benefit of all defendants, they recklessly inflicted great mental suffering in the life of ANDERSON who has had to endure extreme and severe rejection and stress.

25. The Subject Advertisement, which identified the plaintiff by name and general location, while prominently showing her birthmarks, made her more easily identifiable by the

general public, including but not limited to those having evil intent and therefore, put her at risk of machinations of the devil.

26. The above-described conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

27. Based upon the foregoing, plaintiff ANDERSON has been virtually unemployable, and has suffered damages, including but not limited to the loss of compensation that would have been due her, severe emotional trauma, irreparable pain and severe mental anguish as well as an aggravation of a pre-existing illness, all of which has resulted in loss of wages and costs for required medical care and caretakers. In addition, she has been required to be more financially dependent on her parents and she has suffered a loss of the capacity to enjoy life. Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of Fifteen Thousand ($15,000) Dollars, together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants BEST BUY STORES, L.P.; COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; NAMECHEAP, INC.; WHOISGUARD, INC; WHOISGUARD PROTECTED; DOEs 1-3, and for any other and further relief this Court deems just and proper.

## COUNT FOUR - UNJUST ENRICHMENT

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-12, supra, as if set forth fully herein and further alleges:

28. The publication of the Subject Advertisement conferred a benefit on BEST BUY STORE, BEST BUY, COUPONS, NAMECHEAP, WHOISGUARD; WHOISGUARD PROTECTED and DOEs 1-3 and each has accepted and retained the benefits for almost 4 years under circumstances that make it inequitable for them to do so without paying the value of it.

29. Because the Subject Advertisement will forever be available online in the archives, the said defendants will forever continue to accept and retain the benefits under circumstances that make it inequitable for them to do so without paying the value of it.

30. There is a lack of an adequate remedy at law since the Subject Advertisement benefited all defendants for which no payment has been made to plaintiff ANDERSON, and thus, she makes this claim against all defendants, each of whom has been unjustly enriched.

31. Based upon the foregoing, plaintiff ANDERSON has been virtually unemployable, and has suffered damages, including but not limited to the loss of compensation that would have been due her, severe emotional trauma, irreparable pain and severe mental anguish as well as an aggravation of a pre-existing illness, all of which has resulted in loss of wages and costs for required medical care and caretakers. In addition, she has been required to be more financially dependent on her parents and she has suffered a loss of the capacity to enjoy life. Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of Fifteen Thousand ($15,000) Dollars, together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants BEST BUY STORES, L.P.; COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; NAMECHEAP, INC.;

WHOISGUARD, INC; WHOISGUARD PROTECTED; DOEs 1-3, and for any other and further relief this Court deems just and proper.

## COUNT FIVE - AGENTS FOR UNDISCLOSED PRINICIPLE

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-10, supra, as if set forth fully herein and further alleges:

32. The true names and capacities, whether individual, corporate or otherwise, of defendants DOEs, are unknown to plaintiff and therefore included in this action under fictitious names (collectively referred to as DOEs). Plaintiff will amend her complaint to allege the true names and capacities of DOEs when the information has been ascertained.

33. Plaintiff alleges that the DOEs are responsible in some manner for the actions complained of herein.

34. Upon information and belief defendants COUPONS, NAMECHEAP, WHOISGUARD, WHOISGUARD PROTECTED and DOEs conspired to adopt methods and policies, mechanisms and/or corporate designs in their respective companies to hide the true identity of COUPONS, and/or through or with the assistance of DOEs, they developed a corporate design to thwart full disclosure of their true identities; therefore, they are all acting as owners and/or agents for the COUPONS website and are complicit in and responsible for the content of the domain name couponsinthenews.com where the Subject Advertisement still remains published today.

35. Plaintiff alleges that each and every one of the defendants, either directly or indirectly (by hiding their true names) is responsible to plaintiff by administering, maintaining and operating the Internet website couponsinthenews.com in bad faith, in conscious and

deliberate disregard of plaintiff's rights, and with the intention of depriving plaintiff of her rights.

36. At all times material, as the registrar of record of the domain name couponsinthenews.com, NAMECHEAP (the registrar), WHOISGUARD (the registrant contact), WHOISGUARD PROTECTED (the Registrant name) and DOEs had a duty to insure that the use of the COUPONS' website (couponsinthenews.com) would not injure the public, including ANDERSON.

37. At all times material, each of the defendants failed in their duty to insure that the website couponsinthenews.com refrain from publishing any injurious product and they knew or should have known that the Subject Advertisement deeply wounded the plaintiff and continues to do so currently and will do so in the future.

38. Based upon the foregoing, plaintiff ANDERSON has been virtually unemployable, and has suffered damages, including but not limited to the loss of compensation that would have been due her, severe emotional trauma, irreparable pain and severe mental anguish as well as an aggravation of a pre-existing illness, all of which has resulted in loss of wages and costs for required medical care and caretakers. In addition, she has been required to be more financially dependent on her parents and she has suffered a loss of the capacity to enjoy life. Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of Fifteen Thousand ($15,000) Dollars, together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants; BEST BUY STORES, L.P.; COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; NAMECHEAP, INC.;

WHOISGUARD, INC; WHOISGUARD PROTECTED; DOEs 1-3, and for any other and further relief this Court deems just and proper.

## COUNT SIX – MALICIOUS PROSECUTION

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-12, supra, as if set forth fully herein and further alleges:

39. The employee of Defendant Best Buy Stores who called 911, together with the manager on duty in the store at the time of the subject occurrence, are responsible for the charges that resulted in the arrest of Ms. Anderson who was known to them. With no probable cause to detain her or request her prosecution, they abused their power and with malice aforethought, they escalated a simple coupon disagreement, caused her to stay in the store waiting for the police and pressed for her to get arrested so that they could prevent her from being in the store in the future or in their words, "have her trespassed".

40. The charges that were brought against Ms. Anderson in a misdemeanor case filed in Lake County on January 16, 2016 – at the request of the manager and employee of Defendant Best Buy Stores – were eventually disposed of in her favor by a nolle prosequi and by a No Information. More specifically, no information was filed for the Disorderly Conduct charge pursued by Defendant Best Buy Stores. In order to protect the plaintiff, further identification of the court case is not given in this complaint.

41. But for the aforesaid preconceived intent of the Best Buy Stores' manager and employee to have Ms. Anderson "trespassed" and their consequent sadistic actions to bring that about by having her arrested, CouponInThe News would never have had a mugshot to enlarge or a story to fabricate such as it did.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of Fifteen Thousand ($15,000) Dollars, together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant BEST BUY STORES, L.P., and for any other and further relief this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DATED: January 28, 2020.

        Respectfully submitted,
        /s/ Carol M. Anderson
        Carol M. Anderson
        Attorney for Plaintiff
        FL Bar No. 135810

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of January, 2020 a true copy of the foregoing Corrected First Amended Complaint is being served upon Edward F. Gagain, III, Esq., Attorney for the Defendant, Best Buy Stores, L.P. via email through e-service at egagain@gsgfirm.com and by U. S. mail to the defendants Namecheap, Inc., Coupons In The News, Who is Guard, Inc. and Who Is Guard Protected, all at 11400 W. Olympic Blvd., Suite 200, Los Angeles, CA 90064.

        /s/ Carol M. Anderson
        Carol M. Anderson
        Attorney for Plaintiff
        FL Bar No. 135810
        Lawyers Anderson & Anderson, P.A.
        551 Fieldcrest Drive,
        The Villages, Florida 32162
        352-205-8923/cell 352-239-9989
        andersonandanderson@comcast.net
        Mailing address: 1721 Sunset Ridge Dr.
                The Villages, Fl 32162

# Possible claim number: B960351969-0001 ~~ $250M Demand/ Clmt email

Subject: B960351969-0001 ~~ $250M Demand/ Clmt email
From: Helmer, De Anna <DeAnna.Helmer@sedgwick.com>
To: colordropfile - color (colordropfile@acssedgwickcms.com) <colordropfile@acssedgwickcms.com>
Date and Time: 10/7/2019 9:28:53 AM
CC:

---

From: anderson law [mailto:andersonandanderson@comcast.net]
Sent: Friday, October 04, 2019 4:54 PM
To: Helmer, De Anna
Subject: RE: Courtney B. Anderson // Best Buy Claim: B960351969-0001 ~~ Date of Incident: 01/16/2016

Ms. Helmer, our formal demand is $250 million; however, here is another disquisition (a new word for me!) which might be helpful to you:

Both the plaintiff Courtney and I would like to establish, hopefully through Mayo Clinic in Jacksonville, Fl (have not discussed this with anyone there or anywhere else), a building and foundation program for Mental Health persons in crisis whose incomes cannot afford the $30,000+ monthly charges of today's accommodations for the middle class. My observation is that the poorer class is already cared for with half-way or similar housing but the middle class have no such accommodations available. This is the complicated process of a bi-polar population: They have to be on medication; the illness will not stand for anything else, but the usual routine is arrest and through the courthouse revolving door to a hospital environment for only 72 hours in which they are supposed to become medication compliant. I don't think it's an exaggeration to say that none of the afflicted are well enough to be out on the streets or back into the environment they were living at the time of the arrest; yet, they have no other choice. Consequently, many people (including professionals) are unable to return to meaningful work and a healthy home enviornment, and thus, the cycle repeats itself. This impacts not only the patients but the families. What is needed are residential facilities for those in crisis who, if under medical care for at least 6 weeks before release, can get through the crisis while becoming habitually medication- compliant and able to rejoin society.

I have never understood why the billionaires and multi-millionaires who are looking for places to donate some of their wealth have never focused on this great, great need in our country. People who suffer from cognitive and mental problems, particularly severe ones, are denied so many normal and joyful things in life, including becoming successful in business. All to say, I know that settlements can be reached with a part of it being donated but obviously, we would not want to pay the taxes on a donation. If there is a way for Best Buy to fund such a program, it would go a long way toward getting the case settled.

Just my thoughts...waiting for yours,


Carol M. Anderson, Attorney

EXHIBIT F