UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B. ANDERSON,                    CASE NO.:  5-20-CV-00041-JSM-PRL

     Plaintiff,

v.

BEST BUY STORES, L.P., a foreign            )
Limited partnership; COUPONS IN THE         )
NEWS d/b/a couponsinthenews.com,            )
a foreign corporation; NAMECHEAP, INC.,     )
a foreign corporation; WHOISGUARD, INC.,    )
a foreign corporation; and                  )
FICTITIOUS DEFENDANTS DOEs 1-3,             )

     Defendants.

**<u>SECOND AMENDED COMPLAINT</u>**

     Plaintiff, COURTNEY B. ANDERSON, sues Defendants, BEST BUY STORES, L.P.;

COUPONS IN THE NEWS d/b/a couponsinthenews.com; NAMECHEAP, INC.;

WHOISGUARD, INC.; and FICTITIOUS DEFENDANTS DOEs 1-3 and states:

**<u>PARTIES</u>**

A.    Plaintiff, COURTNEY B. ANDERSON, resides in Lake County, FL, hereafter

**ANDERSON**.

B.    Defendant, BEST BUY STORES, L.P., is a foreign limited partnership authorized to do

business in the State of Florida, with its principal place of business at 7601 Penn Avenue

S, Richfield, MN 55423, hereafter **BEST BUY.**

C.    Defendant, COUPONS IN THE NEWS d/b/a couponsinthenews.com, hereafter

**COUPONS**, is registered in Panama, and according to the February 24, 2020 Whois

1

Lookup domain report by Namecheap (its registrar), its identity is unknown and its principal business address is protected by WhoisGuard, Inc at P.O. Box 0823-03411, Panama, PA with an e-mail address: f8a3443e55bb490eae0924e6dc42d081.protect@whoisguard.com. **EXHIBIT D**, attached hereto.

D.    Defendant, NAMECHEAP, INC., the Registrar of COUPONS, and believed to be the owner of WHOISGUARD, hereafter **NAMECHEAP**, is a Delaware corporation with principal business offices at 4600 East Washington Street, Suite 305, Phoenix, Az 85034.

E.    Defendant, WHOISGUARD, INC., hereafter **WHOISGUARD,** is a Panamanian company with its principal place of business at P.O. Box 0823-03411 and e-mail address of f8a3443e55bb490eae0924e6dc42d081.protect@whoisguard.com.   It is the Registrant Organization, the Admin Organization and the Tech organization for COUPONS and serves as a proxy for COUPONS.

F.    Defendants, FICTITIOUS DEFENDANTS DOEs 1-3, hereafter **DOEs** are owners, agents or licensees of the **couponsinthenews.com** website and/or have a business relationship with COUPONS, NAMECHEAP, AND WHOISGUARD.  WHOISGUARD is the listed Registrant Organization for couponsinthenews.com and NAMECHEAP is the listed Registrar. **See Exhibit D attached**.

G.    NAMECHEAP, WHOISGUARD, and DOEs are the owners, agents and/or licensees of COUPONS and operate, control, administer and/or maintain couponsinthenews.com.  The names and addresses of the entities or individuals who own this website are known to defendants NAMECHEAP, WHOISGUARD, and to DOEs, but are concealed in order to further their unlawful conduct.

## <u>INTRODUCTION</u>

This is an action for damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of interest and costs.  It arises out of defendant BEST BUY'S false imprisonment of plaintiff ANDERSON and the illegal and improper use and misappropriation of the likeness of her, without her express or implied authorization, in connection with advertising and solicitation by all defendants.  It is an action for:

**Count One:**  Violation of FS 540.08 by COUPONS– Unauthorized Publication of Name or Likeness.  **EXHIBIT A** attached.

**Count Two:**  Violation of FS 540.08 by BEST BUY.

**Count Three:**        "              by NAMECHEAP.

**Count Four:**        "              by WHOISGUARD.

**Count Five:**  Common Law Invasion of Privacy by COUPONS.

**Count Six:**              "              by BEST BUY.

**Count Seven:**              "              by NAMECHEAP.

**Count Eight:**              "              by WHOISGUARD.

**Count Nine:**  Intentional/Reckless Infliction of Emotional Distress by COUPONS.

**Count Ten:**              "                      by BEST BUY.

**Count Eleven:**              "                      by NAMECHEAP.

**Count Twelve:**              "                      by WHOISGUARD.

**Count Thirteen:**  Unjust Enrichment by COUPONS.

**Count Fourteen:**        "        by BEST BUY.

**Count Fifteen:**        "        by NAMECHEAP.

**Count Sixteen:**        "        by WHOISGUARD.

3

**Count Seventeen:**  Agents for Undisclosed Principal.

**Count Eighteen:**  False Imprisonment by BEST BUY.

## <u>GENERAL ALLEGATIONS</u>

1.   On January 16, 2016, plaintiff ANDERSON was shopping in the BEST BUY's store at 522 N US Highway 441, Lady Lake, FL, when a dispute over coupons arose between a BEST BUY store employee and ANDERSON.

2.   The BEST BUY manager, with the approval and/or assistance of a store employee, called 911 with the intent to have ANDERSON "trespassed" (in his words) and when asked by the 911 operator about the nature of the call, he responded by saying ANDERSON was "showing her a….".  He also made another derogatory comment evidencing great disrespect of Plaintiff.

3.   On or about January 27, 2016, COUPONS, in their online Internet advertisement used a picture/article (hereafter **Subject Advertisement**) that labeled ANDERSON the "Pantless Couponer" and superimposed her photograph over the internationally recognizable BEST BUY logo.  Attached to the photograph is an article that states she "allegedly dropped her pants," thereby contemptuously ridiculing and maliciously dehumanizing plaintiff on the Internet, nationally and globally.  Further, the article is scornful and taunts and mocks her by repeatedly calling attention to her pants as follows: "…she'll have to go somewhere else to buy… preferably with her pants on." "…Literally. Please. Keep your pants on."  The photograph is a mug shot greatly enlarged to almost half a page and the article includes advertising requests "...if you like this article, please consider subscribing.", plus it directs the public to "share" by including links to Facebook, Twitter, RSS Feed and email newsletter, and it clearly advertises BEST BUY.  **EXHIBIT B** and **EXHIBIT C** attached.

4

4.      The law enforcement records, including affidavits of a BEST BUY store employee and a manager, do not corroborate that ANDERSON took her pants off.  It did not happen.

5.      ANDERSON has never given her consent to anyone for the use of her photograph for any reason and although mugshots are published by law enforcement, they cannot be commercialized or used for advertising and personal gain by anyone, including greedy, secreted mercenaries.

6.      From on or about January 16, 2016 to the present, the Subject Advertisement with ANDERSON's photograph superimposed over BEST BUY's logo, has been published and accessible to the general public nationally as well as internationally, and due to the nature of the Internet, with the impetus to go "viral" and gain traffic to COUPONS, BEST BUY and DOEs, the Subject Advertisement will forever be available in the couponsinthenews.com archives, and also on Facebook, Twitter, RSS Feed, plus any subscriber's email or any other shared platform.

7.      The publication of ANDERSON's photograph in the Subject Advertisement is deliberately expanded to the size of a half-page, so that the large birthmarks on her face are prominently displayed as in a freak show, causing a member of the general public to refer to them as meth marks, even though she has never used any illegal drugs.  Such use of her picture was deliberate and done with a callous disregard for her feelings and rights, marking her as a deplorable person, a menace to society and a loathsome human being, all inflicting in her extreme emotional distress.

8.      Neither COUPONS, BEST BUY nor any other defendant, nor anyone on their behalf, ever contacted plaintiff ANDERSON to obtain permission to use her photograph in connection with their promotional materials nor has ANDERSON ever given either express or implied

authority to anyone to use her photograph for advertising or for any other purpose. Since the Internet is a world-wide distribution center and the Subject Advertisement appeared on numerous sites, the reach of the photograph and article in the Subject Advertisement and its effect in the life of ANDERSON is immeasurable from the standpoint of the impact it has had and continues to have in her humanity, in her soul, and in her spirit.

9.      The Subject Advertisement included a photograph of the BEST BUY logo indicating it was an advertisement for BEST BUY as well as for COUPONS.

10.     With the use of BEST BUY's logo, both of them were sending out a message that BEST BUY was one of the satisfied subscribers sought by COUPONS and at the same time, they were advertising for themselves and BEST BUY.

11.     Each of the defendants knew, or should have known, that ANDERSON's photograph was being used for commercial purposes without her knowledge or consent and that the article shown in the Subject Advertisement is a salacious, derisive and scornful fabrication, intentionally mocking ANDERSON for the sole purpose of soliciting more business for each of the said defendants without any regard whatsoever for the rights of ANDERSON and for her humanity, all of which inflicted great mental suffering.

12.     Each defendant knew, or should have known, that the Subject Advertisement will be forever accessible online and thus, forever damaging to plaintiff's reputation so that she will always be subject to unfairly being treated with scorn and she will always be at risk from a safety standpoint.

13.     Each defendant has benefitted from the misappropriation of Plaintiff's photograph, from the use of her photograph without her authorization or consent and without any payments made or to be made in the future to her.

14.     Plaintiff has been required to hire the services of the undersigned attorney.

### COUNT ONE – VIOLATION OF F.S. 540.08 – BY COUPONS

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14 supra, as if set forth fully herein and further alleges:

15.     For the commercial purpose of soliciting subscribers and thereby increasing valuable traffic to both couponsinthenews.com ( which offers coupons services and advertisements) and to BEST BUY , COUPONS, aided by BEST BUY who was complicit in the subject advertisement, published the Subject Advertisement in which they used the photograph of ANDERSON without her authorization or consent, all for their benefit and without any payments made or to be made in the future to ANDERSON.

16.     Plaintiff's photograph used in the Subject Advertisement was greatly enlarged and superimposed on the BEST BUY logo together with a salacious article, extremely mocking and demeaning of plaintiff, all for the benefit of defendant without any regard for plaintiff's rights or her humanity.

17.     That the photograph of plaintiff ANDERSON in the Subject Advertisement was superimposed on an equally large picture of the BEST BUY logo, which Best Buy negligently allowed to be used (otherwise it could not have been used for 4 years) together with the above-described disgusting article about the incident in the BEST BUY store suggested to the general public that BEST BUY approved the article and the use of ANDERSON's photograph, thereby lending credibility to the outrageous Subject Advertisement and inflicting even greater mental suffering.

18.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by Coupons, Best Buy and all

defendants and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, pain and suffering, medical expenses, loss of reputation, and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM, and for any other and further relief this Court deems just and proper.

### **COUNT TWO – VIOLATION OF F.S. 540.08 – BY DEFENDANT BEST BUY**

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

19. The BEST BUY telephone call to 911 made by its manager escalated a simple coupon disagreement into an eventual lack-of-probable cause arrest of Plaintiff for alleged disorderly conduct.  The language used in the 911 call to describe Ms. Anderson was deplorable and degrading and was the catalyst for the story and unauthorized use of her picture in the subject advertisement.

20. But for the above-described language and actions of the management at BEST BUY, the subject advertisement could never have been written or published.

21. BEST BUY was complicit with COUPONS in the publication and advertisement of the incident in its store by creating and supplying the information that brought about the publication, as follows:

a. BEST BUY knew or should have known that the words used in a call to 911 by their manager were not private and could be manipulated and used by others.

b. Further, they knew or should have known that mugshots were printed by law enforcement agencies and that they could be manipulated and used publicly by vultures.

c. They knew or should have known that Coupons was blatantly advertising for their business using an unauthorized photograph and a fictitious story.

d. To date, BEST BUY has taken no steps to remove the offending publication despite its company's core values, i.e. respect, humility and integrity, about which it has written in their website "Business strategies morph over time, but BEST BUY's values as a company will never change."

e. They have negligently allowed their logo to be used in the subject advertisement for over 4 years by failing to adequately protect its use from pirates who they know and should have known are always preying on others, particularly in the internet world.

22. Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by BEST BUY and the loss of compensation that would have been due her.  Further, she has suffered loss of reputation, severe emotional trauma , mental anguish, pain and suffering, all of which has resulted in loss of wages, medical expenses, and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with

pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, BEST BUY, and for any other and further relief this Court deems just and proper.

<u>**COUNT THREE – VIOLATION OF F.S. 540.08 – BY NAMECHEAP**</u>

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14 supra, as if set forth fully herein and further alleges:

23.   For the commercial purpose of soliciting subscribers and thereby increasing valuable traffic to both couponsinthenews.com, which offers coupons services and advertisements, and with the complicity of BEST BUY and all defendants, COUPONS published the Subject Advertisement in which they used the photograph of ANDERSON without her authorization or consent, all for their benefit and all other defendants and without any payments made or to be made in the future to ANDERSON.

24.   Plaintiff's photograph used in the Subject Advertisement was greatly enlarged and superimposed on the BEST BUY logo together with a salacious article, extremely mocking and demeaning of plaintiff, all for the benefit of defendants without any regard for plaintiff's rights or her humanity.

25.   NAMECHEAP, the registrar for couponsinthenews.com is a "provider or user" of "an interactive computer service" and is a "publisher or speaker" of the harmful information written by COUPONS in the subject advertisement and therefore, it does not have the benefit of the immunity in 47 U.S.C. Section 230.

26.   Because of its business relationships with COUPONS AND WHOISGUARD described hereinabove, it is complicit with COUPONS in the subject advertisement and therefore, is liable for the damages sustained by ANDERSON.

27.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by Namecheap and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, NAMECHEAP, and for any other and further relief this Court deems just and proper.

## **COUNT FOUR – VIOLATION OF F.S. 540.08 – BY WHOISGUARD**

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-18 supra, as if set forth fully herein and further alleges:

28.     WHOISGUARD is the proxy for COUPONS and in fact, is believed to be the owner of COUPONS.  Therefore, its liability is the same as that set forth in paragraphs 15-18 regarding Coupons which is restated above.

29.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by Coupons, Best Buy and all defendants and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, pain and suffering, medical expenses, loss of reputation, and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, WHOISGUARD, and for any other and further relief this Court deems just and proper.

## COUNT FIVE – VIOLATION OF COMMON LAW INVASION OF PRIVACY
## GENERAL – BY COUPONS

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

30.     The state of Florida recognizes a common law right to publicity which imposes liability on a defendant who invades a person's privacy by commercially misappropriating his/her likeness.

31.     The use by Defendant COUPONS of ANDERSON's likeness in connection with promotional materials was done for the purposes of trade, for commercial and advertising purposes.

32.     The elements of a common law misappropriation claim in Florida are substantially identical to a claim under F.S. 540.08 - namely misappropriation and commercial exploitation of one's likeness for monetary gain - and both claims may be brought in the same action.

33.     ANDERSON did not provide any express written or oral consent to any of the defendants, or anyone else, to use her photograph or likeness in connection with any of the defendant's promotional materials, including advertising.

34.     Defendants used ANDERSON's image with the intent to capitalize on her misfortune by making fun of her in a fabricated story with a selected photograph depicting her birthmarks.

35.     Defendant's violation of plaintiff's rights under Florida's common law caused her damages including but not limited to the loss of compensation that would have been due her.

36.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by COUPONS and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; INC, and for any other and further relief this Court deems just and proper.

## COUNT SIX – VIOLATION OF COMMON LAW INVASION OF PRIVACY GENERAL – BY BEST BUY

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, 33, 36, supra, as if set forth fully herein and further alleges:

37.     The state of Florida recognizes a common law right to publicity which imposes liability on a defendant who invades a person's privacy by commercially misappropriating his/her likeness.

38.     The use by Defendant BEST BUY, who was complicit with COUPONS in the use of the subject advertisement, of ANDERSON's likeness in connection with promotional materials was done for the purposes of trade, for commercial and advertising purposes.

13

39.     ANDERSON did not provide any express written or oral consent to any of the defendants, or anyone else, to use her photograph or likeness in connection with any of the defendant's promotional materials, including advertising.

40.     Defendants used ANDERSON's image with the intent to capitalize on her misfortune by making fun of her in a fabricated story with a selected photograph depicting her birthmarks.

41.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by BEST BUY and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

        WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, BEST BUY, and for any other and further relief this Court deems just and proper.

## COUNT SEVEN – VIOLATION OF COMMON LAW INVASION OF PRIVACY
## GENERAL – BY NAMECHEAP

        Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, 25-26,33, 36 supra, as if set forth fully herein and further alleges:

42.     The state of Florida recognizes a common law right to publicity which imposes liability on a defendant who invades a person's privacy by commercially misappropriating his/her likeness.

43.     The use by Defendant of ANDERSON's likeness in connection with promotional materials was done for the purposes of trade, for commercial and advertising purposes.

44.     ANDERSON did not provide any express written or oral consent to any of the defendants, or anyone else, to use her photograph or likeness in connection with any of the defendant's promotional materials, including advertising.

45.     Defendants used ANDERSON's image with the intent to capitalize on her misfortune by making fun of her in a fabricated story with a selected photograph depicting her birthmarks.

46.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, NAMECHEAP, and for any other and further relief this Court deems just and proper.

## COUNT EIGHT – VIOLATION OF COMMON LAW INVASION OF PRIVACY GENERAL – BY WHOISGUARD

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, and 27 supra, as if set forth fully herein and further alleges:

47.     The state of Florida recognizes a common law right to publicity which imposes liability on a defendant who invades a person's privacy by commercially misappropriating his/her likeness.

48.     The use by Defendant WHOISGUARD as proxy for COUPONS of ANDERSON's likeness in connection with promotional materials was done for the purposes of trade, for commercial and advertising purposes.

49.     ANDERSON did not provide any express written or oral consent to any of the defendants, or anyone else, to use her photograph or likeness in connection with any of the defendant's promotional materials, including advertising.

50.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant, WHOISGUARD, and for any other and further relief this Court deems just and proper.

## COUNT NINE – INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS – BY COUPONS

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

51.     Because COUPONS, callously and with a total disregard for the rights and feelings of ANDERSON published the Subject Advertisement solely to obtain greater profits for the their benefit and for the benefit of all defendants, they recklessly inflicted great mental suffering in the life of ANDERSON who has had to endure extreme and severe rejection and stress.

52.     The Subject Advertisement, which identified the plaintiff by name and general location, while prominently showing her birthmarks, made her more easily identifiable by the general public, including but not limited to those having evil intent and therefore, put her at risk of machinations of the devil.

53.     The above-described conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

54.     The emotional distress Plaintiff suffered was medically diagnosable and significant and was an aggravation of a pre-existing condition for which she was being treated, requiring her to continue and extend her medical treatment.

55.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff, COURTNEY B. ANDERSON, demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), together with

pre-judgment interest and costs, plus attorney fees where applicable, from Defendant COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM, and for any other and further relief this Court deems just and proper.

<strong><u>COUNT TEN – INTENTIONAL INFLICTION OF</u></strong>

<strong><u>EMOTIONAL DISTRESS – BY BEST BUY</u></strong>

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

56.  Because BEST BUY has for over 4 years allowed and accepted the use of their logo in the Subject Advertisement, and with a total disregard for the rights and feelings of ANDERSON, they are complicit with COUPONS in callously allowing the publication of the Subject Advertisement to continue solely to obtain greater profits for the their benefit. In so doing, they have participated in recklessly inflicting great mental suffering in the life of ANDERSON who has had to endure extreme and severe rejection and stress.

57.  The Subject Advertisement, which identified the plaintiff by name and general location, while prominently showing her birthmarks, made her more easily identifiable by the general public, including but not limited to those having evil intent and therefore, put her at risk of machinations of the devil.

58.  The mean-spirited conduct of BEST BUY's manager and employee(s) reflected a calculated plan to cause ANDERSON severe emotional harm as evidenced by (1) their call to 911 depicting her as a deplorable; (2) their insistence that she remain in the store for the police to arrive; (3) their demand for an arrest for disorderly conduct ;and (4) their pre-planned mission to keep her out of the store by having her become a trespasser, permanently ostracized from the store.

59.     The above-described conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

60.     The emotional distress Plaintiff suffered was medically diagnosable and significant and is a continuing aggravation of a pre-existing condition for which she was and is being treated, requiring her to continue and extend her medical treatment.

61.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant BEST BUY, and for any other and further relief this Court deems just and proper.

## COUNT ELEVEN – INTENTIONAL INFLICTION OF

## EMOTIONAL DISTRESS – BY NAMECHEAP

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14and 25-26 supra, as if set forth fully herein and further alleges:

62.     Because NAMECHEAP, callously and with a total disregard for the rights and feelings of ANDERSON participated in the publishing of the Subject Advertisement solely to obtain greater profits for the their benefit and for the benefit of all defendants, they recklessly

inflicted great mental suffering in the life of ANDERSON who has had to endure extreme and severe rejection and stress.

63.    The Subject Advertisement, which identified the plaintiff by name and general location, while prominently showing her birthmarks, made her more easily identifiable by the general public, including but not limited to those having evil intent and therefore, put her at risk of machinations of the devil.

64.    The above-described conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

65.    The emotional distress Plaintiff suffered was medically diagnosable and significant and was an aggravation of a pre-existing condition for which she was being treated, requiring her to continue and extend her medical treatment.

66.    Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant NAMECHEAP, and for any other and further relief this Court deems just and proper.

**COUNT TWELVE – INTENTIONAL INFLICTION OF**

20

## **EMOTIONAL DISTRESS – BY WHOISGUARD**

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, and 27 supra, as if set forth fully herein and further alleges:

67.   Because WHOISGUARD, callously and with a total disregard for the rights and feelings of ANDERSON participated in the publishing of the Subject Advertisement solely to obtain greater profits for the their benefit and for the benefit of all defendants, they recklessly inflicted great mental suffering in the life of ANDERSON who has had to endure extreme and severe rejection and stress.

68.   The Subject Advertisement, which identified the plaintiff by name and general location, while prominently showing her birthmarks, made her more easily identifiable by the general public, including but not limited to those having evil intent and therefore, put her at risk of machinations of the devil.

69.   The above-described conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

70.   The emotional distress Plaintiff suffered was medically diagnosable and significant and was an aggravation of a pre-existing condition for which she was being treated, requiring her to continue and extend her medical treatment.

71.   Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of

reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant WHOISGUARD, and for any other and further relief this Court deems just and proper.

### COUNT THIRTEEN - UNJUST ENRICHMENT – BY COUPONS

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

72.     The Subject Advertisement with Plaintiff ANDERSON'S misappropriated photograph has (1) conferred a benefit on COUPONS who has knowledge thereof; and (2) for over 4 years COUPONS has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for COUPONS to retain the benefit without paying the value thereof to Plaintiff.

73.     Because the Subject Advertisement will forever be available online in the archives, the said defendant will forever continue to accept and retain the benefits under circumstances that make it inequitable for it to do so without paying the value of it.

74.     There is a lack of an adequate remedy at law since the Subject Advertisement benefited the defendant for which no payment has been made to plaintiff ANDERSON, and thus, she makes this claim against defendant, COUPONS who has been unjustly enriched.

75.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and

mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM and for any other and further relief this Court deems just and proper.

## COUNT FOURTEEN - UNJUST ENRICHMENT – BY BEST BUY

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

76.   The Subject Advertisement with Plaintiff ANDERSON'S misappropriated photograph has (1) conferred a benefit on BEST BUY who has knowledge thereof; and (2) for over 4 years BEST BUY has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for BEST BUY to retain the benefit without paying the value thereof to Plaintiff.

77.   Because the Subject Advertisement will forever be available online in the archives, the said defendant will forever continue to accept and retain the benefits under circumstances that make it inequitable for it to do so without paying the value of it.

78.   There is a lack of an adequate remedy at law since the Subject Advertisement benefited the defendant for which no payment has been made to plaintiff ANDERSON, and thus, she makes this claim against defendant, BEST BUY who has been unjustly enriched.

79.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant BEST BUY and for any other and further relief this Court deems just and proper.

### COUNT FIFTEEN - UNJUST ENRICHMENT – BY NAMECHEAP

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

80.     The Subject Advertisement with Plaintiff ANDERSON'S misappropriated photograph has (1) conferred a benefit on NAMECHEAP who has knowledge thereof; and (2) for over 4 years NAMECHEAP has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for NAMECHEAP to retain the benefit without paying the value thereof to Plaintiff.

81.     Because the Subject Advertisement will forever be available online in the archives, the said defendant will forever continue to accept and retain the benefits under circumstances that make it inequitable for it to do so without paying the value of it.

82.     There is a lack of an adequate remedy at law since the Subject Advertisement benefited the defendant for which no payment has been made to plaintiff ANDERSON, and thus, she makes this claim against defendant,   NAMECHEAP who has been unjustly enriched.

83.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants NAMECHEAP and for any other and further relief this Court deems just and proper.

## COUNT SIXTEEN - UNJUST ENRICHMENT – BY WHOISGUARD

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, supra, as if set forth fully herein and further alleges:

84.     The Subject Advertisement with Plaintiff ANDERSON'S misappropriated photograph has (1) conferred a benefit on WHOISGUARD who has knowledge thereof; and (2) for over 4 years WHOISGUARD has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for WHOISGUARD to retain the benefit without paying the value thereof to Plaintiff.

85.    Because the Subject Advertisement will forever be available online in the archives, the said defendant will forever continue to accept and retain the benefits under circumstances that make it inequitable for it to do so without paying the value of it.

86.    There is a lack of an adequate remedy at law since the Subject Advertisement benefited the defendant for which no payment has been made to plaintiff ANDERSON, and thus, she makes this claim against defendant, WHOISGUARD who has been unjustly enriched.

87.    Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant WHOISGUARD and for any other and further relief this Court deems just and proper.

## COUNT SEVENTEEN - AGENTS FOR UNDISCLOSED PRINICIPLE

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14 supra, as if set forth fully herein and further alleges:

88.    The true names and capacities, whether individual, corporate or otherwise, of defendants DOEs, are unknown to plaintiff and therefore included in this action under fictitious names (collectively referred to as DOEs). Plaintiff will amend her complaint to allege the true names and capacities of DOEs when the information has been ascertained.

89.   Plaintiff alleges that the DOEs are responsible in some manner for the actions complained of herein.

90.   Upon information and belief defendants COUPONS, NAMECHEAP, WHOISGUARD, and DOEs conspired to adopt methods and policies, mechanisms and/or corporate designs in their respective companies to hide the true identity of COUPONS, and/or through or with the assistance of DOEs, they developed a corporate design to thwart full disclosure of their true identities; therefore, they are all acting as owners and/or agents for the COUPONS website and are complicit in and responsible for the content of the domain name couponsinthenews.com where the Subject Advertisement still remains published today.

91.   Plaintiff alleges that each and every one of the defendants, either directly or indirectly (by hiding their true names) is responsible to plaintiff by administering, maintaining and operating the Internet website couponsinthenews.com in bad faith, in conscious and deliberate disregard of plaintiff's rights, and with the intention of depriving plaintiff of her rights.

92.   At all times material, as the registrar of record of the domain name couponsinthenews.com, NAMECHEAP (the registrar), WHOISGUARD (the registrant contact), (the Registrant name) and DOEs had a duty to insure that the use of the COUPONS' website (couponsinthenews.com) would not injure the public, including ANDERSON.

93.   At all times material, each of the defendants failed in their duty to insure that the website couponsinthenews.com refrain from publishing any injurious product and they knew or should have known that the Subject Advertisement deeply wounded the plaintiff and continues to do so currently and will do so in the future.

94.     Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by them and the loss of compensation that would have been due her.  Further, she has suffered severe emotional trauma and mental anguish all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendants; COUPONS IN THE NEWS d/b/a COUPONSINTHENEWS.COM; NAMECHEAP, INC.; WHOISGUARD, INC; and DOEs 1-3, and for any other and further relief this Court deems just and proper.

## COUNT EIGHTEEN – FALSE IMPRISONMENT – BY BEST BUY

Plaintiff ANDERSON restates the allegations contained in paragraphs 1-14, 19-21 and 61 supra, as if set forth fully herein and further alleges:

95.     The manager of Defendant BEST BUY who called 911, together with the employee on duty in the store at the time of the subject occurrence, sought the disorderly conduct charges that resulted in the arrest of Ms. Anderson who was known to them.  With no probable cause to detain her or request her prosecution, they abused their power and with malice aforethought, they escalated a simple coupon disagreement, caused her to stay in the store waiting for the police and pressed for her to get arrested so that they could prevent her from being in the store in the future or in their words, "have her trespassed".

96.     The charges for disorderly conduct that were brought against Ms. Anderson in a misdemeanor case filed in Lake County on January 16, 2016 at the request of the manager

and employee of Defendant BEST BUY, on behalf of BEST BUY, were eventually disposed of in her favor by a <u>nolle prosequi</u> which means there was a lack of probable cause for the charge of disorderly conduct.

97.  Both the manager of BEST BUY and the employee working with him in the course of their employment with BEST BUY, directly or by indirect procurement, actively participated in the false imprisonment and unlawful detention of plaintiff ANDERSON by their words and actions, previously described, and by specifically stating on a form that they wanted her prosecuted for disorderly conduct.

98.  But for the aforesaid preconceived intent of the Best Buy's manager and employee to have Ms. Anderson "trespassed" and their consequent sadistic actions to bring that about by having her arrested, CouponsInTheNews would never have had a mugshot to enlarge or a story to fabricate such as it did.

99.  Specifically asking for ANDERSON's prosecution shows that BEST BUY's manager and employee called 911 for the purpose of imposing a confinement, or with knowledge that such confinement will, to a substantial certainty, result from it, and indeed with the invalid use of legal authority, it did.  Ms. Anderson was arrested and taken to jail where she was confined.

100.  Based upon the foregoing, Plaintiff ANDERSON has suffered damages, including but not limited to, the loss of the value of the benefit received by BEST BUY.  Further, she has suffered severe emotional trauma, mental anguish and pain and suffering, all of which has resulted in loss of wages, medical expenses, loss of reputation and the loss of capacity to enjoy life.  Her losses are either permanent or continuing and she will suffer the losses in the future.

WHEREFORE Plaintiff COURTNEY B. ANDERSON demands Judgment for damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with pre-judgment interest and costs, plus attorney fees where applicable, from Defendant BEST BUY STORES, L.P., and for any other and further relief this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

DATED: March 8, 2020.

Respectfully submitted,
/s/ Carol M. Anderson
Carol M. Anderson
Attorney for Plaintiff
FL Bar No. 135810

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by the United States Middle District Court's Case Management/Electronic Case Filing (CM/ECF) system to all counsel of record on this 8th day of March, 2020.

Respectfully submitted,

/s/ Carol M. Anderson
Carol M. Anderson
Attorney for Plaintiff
FL Bar No. 135810
Lawyers Anderson & Anderson, P.A.
551 Fieldcrest Drive,
The Villages, Florida 32162
352-205-8923/cell 352-239-9989
andersonandanderson@comcast.net
Mailing address: 1721 Sunset Ridge Dr.
The Villages, Fl 32162