## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA  DIVISION

**COURTNEY B. ANDERSON,**

              **Plaintiff,**                     **CASE NO.: 5:20-cv-41-Oc-30PRL**

**vs.**

**BEST BUY STORES, L.P., a foreign**
**limited partnership; COUPONS IN**
**NEWS d/b/a couponsinthenews.com,**
**a foreign corporatioin; NAMECHEAP, INC.,**
**a foreign corporation; WHOISGUARD, INC.,**
**a foreign corporation, and**
**FICTITIOUS DEFENDANTS DOEs 1-3.,**

              **Defendant.**

_____/

### BEST BUY STORES, L.P.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Best Buy Stores, L.P. (hereinafter "Best Buy" or "Defendant"), by and through its undersigned counsel, moves to dismiss Plaintiff's Second Amended Complaint.  For the reasons set forth in the memorandum below, the Motion to Dismiss should be granted.

### INTRODUCTION

Plaintiff filed a Second Amended Complaint on March 9, 2020 and alleged the defendants improperly published the Plaintiff's likeness in violation of Florida Statutes, §540.08, and that the defendants violated Plaintiff's common law right of privacy (misappropriation of her likeness), intentionally and recklessly inflicted emotion distress on Plaintiff, and were unjustly enriched by their actions.  Plaintiff also alleged a claim for false imprisonment against Best Buy.  *See* Plaintiff's Second Amended Complaint, attached hereto as Defendant's Exhibit A.  Best Buy files this Motion to Dismiss the Second Amended Complaint for the reasons discussed *infra*.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a) (2) a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has found this requirement necessary in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide such grounds for relief in the Complaint cannot be satisfied by mere labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* While the pleading standard in Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

In order to survive a Rule 12(b) (6) motion to dismiss, a Complaint must provide the grounds of the Plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Additionally, a complaint must contain sufficient factual matters, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" is distinguishable from a "probability standard" in that the former asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a Complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief". *Id.*, (internal quotation marks omitted). The Supreme Court in *Iqbal* examined the two-pronged approach to determining the sufficiency of a Complaint set forth by the Court in *Twombly*.

First, the Court found that the tenet that a court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions. *Iqbal*, 129 S.Ct. at 1949. Specifically, the Court stated that while "for purposes of a motion to dismiss we must take all of

the factual allegations in the Complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id* at 1949-1950. The Court further noted that while Rule 8 marks a generous departure from the code-pleading requirements of years past, it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id* at 1950.

Second, in addition to requiring more than mere legal conclusions to support a claim for relief, the *Iqbal* Court stated that only a complaint that is plausible survives a motion to dismiss. *Id.* While the task of determining the plausibility of a claim is largely context-specific, in cases where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged, but it has not shown, that the pleader in entitled to relief, and therefore cannot survive a motion to dismiss. *Id.*

## **ARGUMENT**

Count Two of the Second Amended Complaint seeks damages from Best Buy for an alleged violation of Florida Statutes, §540.08 ("Unauthorized publication of name or likeness"). Section 540.08 indicates "no person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by such person". *See* §540.08(1)(a). As such, a required element of any claim against Best Buy for a violation of Chapter 540.08 is publication, printing, display or some other publicity of Plaintiff's name, photograph or likeness by Best Buy. There is no allegation, much less evidence, in the Second Amended Complaint that Best Buy took any steps to publish, print, display or make public Plaintiff's name, photograph or likeness. Plaintiff admits it was Co-Defendant, Coupons in the News, that published the purported advertisements, which were attached to the Second Amended Complaint as Exhibits B and C. Further, Coupons in the News specifically noted in

each purported advertisement that the "image sources" for the Plaintiff's mug shot and the picture of a Best Buy store were the Lake County Sheriff's Office and JeepersMedia, an on-line photograph repository, respectively. Plaintiff has not alleged Best Buy provided the photograph of its store to Coupons in the News and it is not plausible on its face to argue Best Buy played any part in the Coupons in the News advertisement. Plaintiff's claim against Best Buy is based solely on the existence of Best Buy's "logo" in the purported advertisement with Plaintiff's photograph, which is not sufficient to state a cause of action for violation of §540.08, Florida Statutes.

Accordingly, Count Two of the Second Amended Complaint should be dismissed, with prejudice.

Count Six of the Second Amended Complaint seeks damages from Best Buy for common law invasion of privacy. To state a cause of action for invasion of privacy (appropriation), the Plaintiff must allege the unauthorized use of her name or likeness by Best Buy to obtain some benefit. *Allstate Ins. Co. v. Ginsberg*, 863 So.2d 156 (Fla. 2003). Plaintiff, again without factual support or plausible argument, alleges Best Buy was somehow complicit with Coupons in the News in publishing her photograph in the purported advertisements attached as Exhibits B and C to the Second Amended Complaint. She implies Best Buy is liable for invasion of privacy as a result of this publication because it misappropriated her likeness. As noted above, Best Buy did not publish Plaintiff's photograph and there are no allegations, or for that matter plausible evidence, that would support a claim Best Buy was involved in the misappropriation of her likeness. Plaintiff admits in her Second Amended Complaint that Coupons in the News was the entity that published her likeness and Exhibits B and C of the Second Amended Complaint and those advertisements confirm the "image sources" for the Plaintiff's mug shot and the picture of a Best Buy store were the Lake County Sheriff's Office and JeepersMedia, an on-line photograph repository. An unsupported, conclusory and implausible allegation that Best Buy was "complicit"

in Coupons in the News' advertisement is not enough to state a cause of action for invasion of privacy.

Accordingly, Count Six of the Second Amended Complaint should be dismissed, with prejudice.

Count Ten of the Second Amended Complaint seeks damages from Best Buy for intentional infliction of emotional distress. To state a cause of action for intentional infliction of emotional distress, the Plaintiff must allege: Best Buy's conduct was intentional or reckless, that is, Best Buy intended its behavior when it knew or should have known that emotional distress would likely result; Best Buy's conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; the conduct caused emotional distress; and the emotional distress was severe. *Deauville Hotel Management v. Ward*, 219 So.3d 949 (Fla. 3rd DCA 2017). The alleged outrageous conduct outlined in this Count is again the publication of the "Subject Advertisement" and to state a cause of action for intentional infliction of emotional distress the Plaintiff must show that Best Buy intentionally or recklessly published or somehow controlled the advertisement. As noted above, there are no allegations or plausible facts that would support such a claim. By Plaintiff's own admission the advertisements were published by Coupons in the News.

Alternatively, Plaintiff attempts to argue other actions on the part of Best Buy support a claim for intentional infliction of emotional distress. In paragraph 58 of the Second Amended Complaint it is alleged Best Buy's "mean-spirited" conduct was meant to cause "severe emotional distress". Plaintiff must allege Best Buy conduct was outrageous, not mean-spirited. *Dependable Life Insurance Company v. Harris*, 510 So.2d 985 (Fla. 5th DCA 1987). Plaintiff has not, and cannot, plausibly argue Best Buy's actions were outrageous.

Accordingly, Count Ten of the Second Amended Complaint should be dismissed, with prejudice.

Count Fourteen of the Second Amended Complaint seeks damages from Best Buy for unjust enrichment.  To state a cause of action for unjust enrichment, the Plaintiff must allege: Plaintiff has conferred a benefit on Best Buy, who has knowledge thereof; Best Buy voluntarily accepted and retained the benefit conferred; and the circumstances are such that it would be inequitable for Best Buy to retain the benefit without first paying the value thereof to Plaintiff. *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So.3d 689 (Fla. 3rd DCA 2018).  The basis of this Count is again the publication of the "Subject Advertisement".  Plaintiff asserts conclusory and implausible allegations that the advertisement (not her) conferred a benefit on Best Buy, that Best Buy voluntarily accepted and retained that benefit and that it would be inequitable to allow Best Buy to retain the benefits.  As noted above, by Plaintiff's own admission the advertisements attached as Exhibits B and C to the Second Amended Complaint were published by Coupons in the News, not Best Buy.  Further, based on the four corners of Count Fourteen, the Plaintiff did not, herself, confer any benefit on Best Buy and it is implausible on its face to argue Best Buy somehow received a benefit from the advertisements simply because Coupons in the News pulled a picture of a Best Buy store from an on-line picture repository and superimposed Plaintiff's mug shot on that picture.

Accordingly, Count Fourteen of the Second Amended Complaint should be dismissed, with prejudice.

Count Eighteen of the Second Amended Complaint seeks damages from Best Buy for false imprisonment.  To state a cause of action for false imprisonment, the Plaintiff must allege: Best Buy unlawfully detained and deprived her liberty; against her will; without legal authority or "color of authority"; and the detention was unreasonable and unwarranted under the circumstances.

*City of Boca Raton v. Basso,* 242 So.3d 1141 (Fla. 4th DCA 2018).  While Plaintiff appears to have confused elements of a malicious prosecution claim with her false imprisonment claim, she also fails to allege Best Buy detained or deprived her of liberty.  Instead, as alleged in paragraph 95 of Count Eighteen of the Second Amended Complaint, Plaintiff became disorderly in the store to the point police were called.  She then remained in the store until police arrived and was detained by the Lady Lake Police Department due to her failure to leave the store.  She was free to leave the store at any point prior to the police arriving and was not detained at any point by Best Buy.

Accordingly, Count Eighteen of the Second Amended Complaint should be dismissed, with prejudice.

## CONCLUSION

For the reasons set forth within this motion, all claims alleged against Best Buy in Plaintiff's Second Amended Complaint should be dismissed, with prejudice.

WHEREFORE, Defendant, Best Buy, respectfully requests that this Honorable Court enter an order granting Defendant's Motion to Dismiss the Second Amended Complaint, as to Best Buy, and provide any additional remedy it deems just and proper.

Dated: March 19, 2020                    Respectfully Submitted,

/s/ Edward F. Gagain, III
**Edward F. Gagain, III, Esq.**
Florida Bar No. 0085154
TRIAL COUNSEL
**Caitlin E. Costa, Esq.**
Florida Bar No.0112428
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609
Telephone: (813) 250-3969
Facsimile: (813) 251-3675
E-Mail: egagain@gsgfirm.com
E-Mail: ccosta@gsgfirm.com
Attorneys for Defendant, Best Buy

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF

on the 19th day of March, 2020, on all counsel of record on the attached service list.

<u>/s/ Edward F. Gagain, III</u>
**Edward F. Gagain, III, Esq.**

## SERVICE LIST
### Courtney Anderson v. Best Buy Stores, L.P.
### CASE NO.: 5:20-cv-41-Oc-30PRL

**Carol Anderson**, **Esq**.
Email: andersonandaderson@comcast.net
Florida Bar No.: 135810
Lawyers Anderson & Anderson, P.A.
551 Fieldcrest Drive
The Villages, FL 32162
*Attorneys for Plaintiff*