UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B. ANDERSON,

    Plaintiff,                                                CASE NO.: 5-20-CV-00041-JSM-PRL

v.

BEST BUY STORES, L.P., a foreign
Limited partnership; COUPONS IN THE
NEWS d/b/a COUPONSINTHENEWS.COM,
a foreign corporation; NAMECHEAP, INC.,
a foreign corporation; WHOISGUARD, INC.,
a foreign corporation; and
FICTITIOUS DEFENDANTS DOEs 1-3,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BEST BUY'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff, COURTNEY B. ANDERSON ("Plaintiff" or "ANDERSON"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) and other applicable law, hereby files her Response in Opposition to the March 19, 2020 Motion to Dismiss Plaintiff's Second Amended Complaint by Defendant BEST BUY STORES, L.P. ("Defendant" or "BEST BUY"), and further states as follows:

**I.    INTRODUCTION**

The instant litigation stems from a January 16, 2016 incident at Defendant BEST BUY's store located at 522 North US Highway 441, Lady Lake, Florida, and an advertisement subsequent

to that incident that included, without her consent, Plaintiff's photograph superimposed over a stock photo of the front of a BEST BUY store, including the BEST BUY logo. See Second Amended Complaint ("Complaint"), ¶¶ 1-13. Plaintiff timely filed suit against Defendant BEST BUY, along with co-Defendants, pursuant to Section 540.08(1), Florida Statutes, false imprisonment, and other claims, for damages. Defendant BEST BUY filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint on or about March 19, 2020.

Defendant's Motion should be denied.

## II. STANDARD ON MOTION TO DISMISS

Defendant here misunderstands the pleading standard on a motion to dismiss. The Federal Rules of Civil Procedure require a plaintiff to assert only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* Rule 8(a)(2). In applying that rule in the context of a motion to dismiss, the U.S. Supreme Court has reiterated consistently that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-67 (2007). *See also Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co.,* 519 F. Supp. 2d 1195, 1208-09 (M.D. Fla. 2007); *Oberstar v. Divosta Homes, L.P.*, 2008 WL 4811408, *3 (M.D. Fla. 2008).

A court reviewing a complaint upon a motion to dismiss must do so in the light most favorable to the plaintiff. *Anthony Sterling, M.D.,* 519 F. Supp. 2d at 1209-10. The question the court must therefore answer is not whether the plaintiff will ultimately prevail, but whether the allegations contained within the four corners of plaintiff's complaint entitles her to offer evidence

to support her claims. *Id.* Thus, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Id.*, citing *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Correspondingly, then, the burden on a defendant challenging a complaint by motion to dismiss is exceedingly high. Defendant's ambitious Motion to Dismiss With Prejudice overlooks the reality that "[b]ecause of the liberal pleading requirements of the Federal Rules, rarely will a motion to dismiss for failure to state a claim be granted." *Washington v. Department of Children and Families,* 256 Fed. Appx. 326, 327, 2007 WL 4201104, *1 (11th Cir. 2007).

The pleading standard refined in *Twombly,* and later in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action", but does not require a heightened pleading standard. To the contrary, federal courts look not for a "heightened fact pleading of specifics, but only [for] enough facts to state a claim to relief that is *plausible on its face*." (emphasis added) *Twombly*, 550 U.S. 554, 570 127 S.Ct. at 1965, 1974. *See also Sibley v. The Florida Bar,* 2008 WL 4525395, *3-4 (N.D. Fla. 2008), citing *Twombly*, 127 S.Ct. at 1964-67 and *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510-515, 122 S.Ct. 992, 996-99 (2002) ("The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests."). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state" a facially plausible claim to relief. *Iqbal, id.*, quoting *Twombly*, 550 U.S. at 570. No more and no less.

Inarguably, factual issues and questions are inappropriate on a motion to dismiss; all of the factual allegations plead in the Complaint are admitted by Defendant and must be taken as true by the Court for the purposes of the motion to dismiss. *Iqbal, id.* at 678, quoting *Twombly*, 550 U.S.

3

at 555 ("for the purposes of a motion to dismiss we must take *all* of the factual allegations in the complaint as true" (emphasis added)). Nonetheless, Defendant suggests that the facts as alleged are subject to a determination of "plausibility". This is an inaccurate interpretation of *Iqbal* and *Twombly*. As noted above, *Iqbal* and *Twombly* require that the cause of action(s) asserted – accepting the factual matters alleged as true – be sufficiently supported by those facts so as to be facially plausible. *Iqbal, id*. at 678, quoting *Twombly*, 550 U.S. at 570.

Finally, even where a court finds that a movant has met this high threshold warranting dismissal, such is typically granted with leave to amend as the court may direct. *See e.g., Washington v. Department of Children and Families,* 256 Fed. Appx. 326, 328, 2007 WL 4201104, \*2 (11th Cir. 2007), citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994), and *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999) (discussing the long-held tenet that "[d]ismissal with prejudice is a drastic sanction and should be imposed only as a last resort.") Leave to amend under those circumstances, on the other hand, should be freely granted. *See e.g., Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014), quoting *Dysart v. BankTrust,* 516 Fed. Appx. 861, 865 (11th Cir. 2013) (alteration, citations, and internal quotation marks omitted) ("Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given.")

When viewed against this backdrop, Plaintiff's factually-detailed Second Amended Complaint meets and exceeds the notice pleading standard required by the Federal Rules and applied by *Twombly* and *Iqbal*. Accordingly, Defendant's Motion to Dismiss should be denied. However, should this Honorable Court determine that Plaintiff's Second Amended Complaint fails

to state a claim as to any of the causes of action alleged therein, Plaintiff respectfully requests leave to amend the Complaint as this Court may so direct.

## III. DISCUSSION OF AUTHORITY

### A. Plaintiff's Count II States a Viable Claim for Violation of Florida Statutes Section 540.08.

Section 540.08, Fla. Stat., provides in pertinent part that

(1) No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by:

(a) Such person [….]

§ 540.08(1)(a), Fla. Stat. (2007). Subsection (2) goes on to provide expressly that upon a violation of Subsection (1), i.e., the publication of such name, photograph, or likeness without the person's consent, that said person "may bring an action to enjoin such unauthorized publication, printing, display or other public use, and to recover damages for any loss or injury sustained by reason thereof, including an amount which would have been a reasonable royalty, and punitive or exemplary damages." § 540.08(2), Fla. Stat.

Defendant points to no other authority in support of its argument that Count II should be dismissed. The keys to a claim under Section 540.08, Fla. Stat., then, are the lack of consent of the person depicted and a commercial purpose in publishing, printing, displaying, or otherwise publicly using the aggrieved person's name or image.

As this Court has explained,

Under Fla. Stat. § 540.08, the terms "trade", "commercial", or "advertising purpose" mean using a person's name or likeness to directly promote a product or service. *See Valentine v. CBS, Inc.,* 698 F.2d 430, 433 (11th Cir.1983) (recognizing that the proper interpretation of Fla. Stat. § 540.08 requires the plaintiff to prove that the defendants used a name or likeness to directly promote a product or service); *Tyne v. Time Warner Entm't Co., L.P.,* 204 F. Supp. 2d 1338 (M.D. Fla.

5

> 2002) (recognizing that Fla. Stat. § 540.08 only prohibits the use of a name or image when such use directly promotes a commercial product or service); *Epic Metals Corp. v. CONDEC, Inc.,* 867 F. Supp. 1009, 1016 (M.D. Fla. 1994) ("Florida Statute § 540.08 prevents the unauthorized use of a name or personality to directly promote the product or service of the publisher."); *National Football League v. The Alley, Inc.,* 624 F. Supp. 6, 7 (S.D. Fla. 1983) ("Section 540.08 of the Florida Statutes prohibit unconsented use of an individual's name and likeness only when such directly promotes a commercial product or service"); *Loft v. Fuller,* 408 So. 2d 619, 622 (Fla. 4th DCA 1981) ("In our view, Section 540.08, by prohibiting the use of one's name or likeness for trade, commercial, or advertising purposes, is designed to prevent the unauthorized use of a name to directly promote the product or service of the publisher").

*Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205, 1212–13 (M.D. Fla. 2002). The plaintiff in *Lane* had consented verbally to displaying her breasts for video cameramen who were unknown to her and her companion at the time pointed out that her own picture had been printed in a men's magazine previously after a similar encounter. 242 F. Supp. 2d at 1209-10.

Furthermore, the cameramen and eventual publisher, *Girls Gone Wild*, both marketed and produced a video compilation of young women exposing themselves called *Sexy Sorority Sweethearts*. *Id*. at 1210. Even though Lane did not expressly consent to that particular usage of her image(s), the court found that she had nonetheless given her consent and that her companion, in effect, had warned her the images might be published elsewhere. *Id*. And perhaps most significantly, the *Lane* court noted that "it is irrefutable that the *Girls Gone Wild* video is an expressive work created *solely for entertainment purposes*." (emphasis added) *Lane*, *id*. at 1213. Thus, the *Lane* court explained that

> [a]s a matter of law, this Court finds that Lane's image and likeness were not used to directly promote a product or service. In coming to this conclusion, this Court relies upon Section 47 of the Restatement (Third) of Unfair Competition which defines "the purposes of trade" as follows:
>
>> The names, likeness, and other indicia of a person's identity are used "for the purposes of trade" ... if they are used in advertising the user's goods or services, or are placed on merchandise marketed by the user, or are used in connection with services rendered by the user.

> However, use "for the purpose of trade" does not ordinarily include the use of a person's identity in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising incidental to such uses.
>
> Therefore, under this definition, the "use of another's identity in a novel, play, or motion picture is ...*not ordinarily an infringement* ... *[unless]* the name or likeness is used solely to attract attention to a work *that is not related to the identified person*..." *Id.* at comment c.

(emphasis added) 242 F. Supp. 2d at 1213.

Here, it is similarly irrefutable that Plaintiff's likeness published together with the BEST BUY storefront and logo image(s) were used with the specific objective of promoting not only COUPONSINTHENEWS.COM's business, but plainly BEST BUY's business as well – particularly that business that would have been generated through COUPONSINTHENEWS.COM. This is further evidenced by the fact(s), as alleged that Plaintiff's very purpose in the BEST BUY store was to purchase BEST BUY products and/or services using *coupons*. Ergo, the facts here, as alleged in Plaintiff's well-plead Second Amended Complaint (see e.g., ¶¶ 1-13, 19-22), fit squarely within the Restatement's definition of "the purposes of trade", *supra*, in this context, i.e., that Plaintiff's image and likeness were used without her consent to directly promote BEST BUY's (and COUPONSINTHENEWS.COM's) products or services.

Additionally, in *Lane, supra*,

> it is also irrefutable that while Lane's image and likeness were used to sell copies of *Girls Gone Wild,* her image and likeness *were never associated with a product or service unrelated to that work*. Indeed, in both the video and its commercial advertisements, Lane is never shown endorsing or promoting a product, but rather, as part of an expressive work *in which she voluntarily participated*. Consequently, in accordance with Section 47 of the Restatement, the use of Lane's image or likeness in *Girls Gone Wild,* and in the marketing of that video cannot give rise to liability.

(emphasis added) 242 F. Supp. 2d at 1213. In the case at bar, however, the facts alleged establish that it is irrefutable that Plaintiff's image and likeness were used without her consent to promote

BEST BUY's (and COUPONSINTHENEWS.COM's) products and/or services and are as such absolutely related to BEST BUY's work. Defendant asserts that Plaintiff must allege facts such as the provision of Plaintiff's photograph by BEST BUY to state a viable claim under Section 540.08, Fla. Stat., and attacks the plausibility of Plaintiff's allegations. However, the plain language of Section 540.08(1), Fla. Stat., clearly supplies as alternate bases for claims thereunder "publish, print, display *or* otherwise publicly use for purposes of trade or for any commercial or advertising purpose". (emphasis added) There is no statutory requirement that Defendant BEST BUY itself create the publication or display. Notably, the statute does not define any of those terms and cases applying Section 540.08 focus on the interpretation of "purposes of trade", as in *Lane, supra*.

BEST BUY, as alleged, has publicly used Plaintiff's image, name, or likeness, without her consent, for purposes of trade or other commercial or advertising purpose. The image of plaintiff is not just a picture "of a Best Buy store from an on-line picture repository" with "Plaintiff's mug shot on that picture" as argued by Defendant. Instead, it is a very large advertisement for Best Buy. *See Lane, supra*. That other co-Defendants were involved in the transgression, as also alleged, is immaterial to the viability of the claim against Defendant BEST BUY. Plaintiff's Count II states a viable claim of statutory violation of Section 540.08, Fla. Stat. against Defendant BEST BUY.

Defendant's Motion should be denied.

**B.    Plaintiff's Count XI States a Viable Claim for Common Law Invasion of Privacy**

Defendant supports its position that this Count should be dismissed by essentially mirroring its argument regarding Count Two. Thus, Plaintiff adopts the argument in her Section A above and further submits that Plaintiff's Paragraphs 5-13 cover Defendant's contention "To state a cause

8

of action for invasion of privacy.., 'the Plaintiff must allege the unauthorized use of her name or likeness by Best Buy to obtain some benefit."

Most of the rest of Defendant's argument appears to be about Plaintiff not making a "plausible argument". However, Plaintiff contends she has met her burden as set forth in Section A above, that requires "the cause of action(s) asserted – accepting the factual matters alleged as true – be sufficiently supported by those facts so as to be facially plausible." Iqbal,id. at 678, quoting Twombly, 550 U. S. at 570.

It will only be through discovery that Plaintiff will learn the extent of BEST BUY's involvement in the subject advertisement. Until then, the evidence is clear that this was and is a large advertisement for BEST BUY and the odds are against the likelihood that it was gratuitously done for them.

Defendant's Motion should be denied.

### C. Plaintiff's Count X States a Viable Claim for Intentional Infliction of Emotional Distress.

Defendant argues, in part, that "mean-spirited" does not rise to the level of " outrageous" and therefore, Plaintiff has not alleged "outrageous" conduct sufficient to induce emotional distress. Quite the contrary, Paragraphs 1-13 and 65-67 describe the conduct that is alleged in paragraph 68 as "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." Mean-spirited is only a part of the allegations that constitute the claim of severe emotional distress, and such argument callously brushes aside the tremendous pain and mental anguish suffered by Plaintiff as a result of the words and actions by Best Buy's manager and employee, which are expressed in the Paragraphs noted above.

Defendant's Motion should be dismissed.

**D.    Plaintiff's Count X1V States a Viable Claim for Unjust Enrichment**

Once again, Defendants insist "Plaintiff asserts conclusory and implausible allegations…" "…and it is implausible on its face to argue Best Buy somehow received a benefit from the advertisements …" However, most people would agree that a reasonable ordinary person assumes advertisements are designed to benefit someone, usually the person or company in the advertisement; therefore on its face, it seems defendant's argument is not realistic. Defendant contends "Plaintiff did not, herself, confer any benefit on Best Buy". That's correct but it is elementary that people who lend their images to advertisements, more likely than not, do not confer a benefit other than through the use of their images. In this instance, Plaintiff Anderson did not authorize the use of her image but nevertheless, the use of it conferred a benefit on Best Buy who was the primary subject, other than Ms. Anderson, of the advertisement. Finally, it is a conclusory argument to assert "…Coupons in the News pulled a picture of a Best Buy store from an on-line picture repository and superimposed Plaintiff's mug shot on that picture", and thus Best Buy did not benefit. We can only rely on what we see and that is a very large advertisement for Best Buy. Justice will not be served by dismissing Best Buy on the basis of such speculation.

Defendant's Motion should be denied.


**E.    Plaintiff's Count XVIII States a Viable Claim for False Imprisonment.**

Defendant relies on a single case in its argument challenging Plaintiff's Count XVIII for False Imprisonment. In *City of Boca Raton v. Basso*, 242 So. 3d 1141, 1143 (Fla. 4th DCA 2018), quoting *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006) ,

the Fourth DCA, like its sister courts before and since, set out the four elements of the tort of false imprisonment:

> To prevail on a false imprisonment claim, the plaintiff must establish four elements: "1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances."

Importantly, *Basso* reiterated that " "[i]ndeed, a person improperly detained pursuant to a lawful arrest may have the right to bring an action for false imprisonment." " 242 So. 3d at 1143, quoting *Mathis v. Coats*, 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010). *See also Eiras v. Florida*, 239 F. Supp. 3d 1331, 1340 (M.D. Fla. 2017) ("In order to prevail on a false arrest claim under Florida law, a plaintiff must plead: "(1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or 'color of authority'; and (4) which is unreasonable and unwarranted under the circumstances." " (quoting *Bartley v. Kim's Enter. of Orlando*, 568 Fed. Appx. 827, 834 (11th Cir. 2014) (citations omitted))). Thus, Defendant's reliance on the fact that police arrested Plaintiff at BEST BUY's request or Defendant's own factual assertions – again, improperly challenging Plaintiff's factual allegations – that Plaintiff voluntarily remained in the subject BEST BUY location and was detained by police, not BEST BUY (*Motion*, P. 7) is misplaced and erroneous.

Defendant further improperly challenges the factual allegations of Plaintiff's Count XVIII and asserts that Plaintiff "was free to leave the store at any point prior to the police arriving and was not detained at any point by Best Buy." *Motion*, P. 7. This is completely at odds with the allegations in Plaintiff's Second Amended Complaint, wherein Plaintiff clearly alleges that BEST BUY's store manager at the subject location along with another employee "caused her to stay in the store waiting for the police and pressed for her to get arrested so that they could prevent her from being in the store in the future". *Complaint*, ¶ 95. Moreover, the charges eventually brought

11

against Plaintiff because of those actions and at BEST BUY's request, were ultimately dropped. *Complaint*, ¶ 96.

Plaintiff's Count XVIII sets forth factual allegations in support of each of the four requisite elements of a false imprisonment claim: (1) that Plaintiff was unlawfully detained and deprived of her liberty (*Complaint*, ¶¶ 1-3 (including Exhibits), 4, 95, 97); (2) that said detention and deprivation was against Plaintiff's will (*Complaint*, ¶¶ 1-3 (including Exhibits), 95, 97); (3) that said detention and deprivation was without legal authority or 'color of authority' (*Complaint*, ¶¶ 1-2, 4, 19, 96, 99); and (4) that said detention and deprivation was unreasonable and unwarranted under the circumstances (*Complaint*, ¶¶ 1-4 (including Exhibits), 19, 96). Plaintiff's well-plead Second Amended Complaint therefore states a viable claim for false imprisonment against Defendant BEST BUY.

Defendant's Motion should be denied.

IV. **CONCLUSION**

Based on the foregoing discussion and authority, the arguments raised by the Defendant have no basis in law and do not support dismissal of Plaintiff's Second Amended Complaint, much less with prejudice. Thus, accepting the truth of all facts pleaded and every reasonable conclusion or inference based thereon, Plaintiff has sufficiently stated viable claims for each Count asserted against the Defendant BEST BUY.

**WHEREFORE**, Plaintiff COURTNEY ANDERSON respectfully requests that this Court deny Defendant BEST BUY's Motion to Dismiss Plaintiff's Second Amended Complaint. In the alternative, should the Court grant Defendant's Motion, in whole or in part, Plaintiff respectfully

requests leave to amend the Second Amended Complaint to replead some or all of said Counts into a Third Amended Complaint as this Honorable Court may so order.

DATED: April 2, 2020

Respectfully submitted,

/s/ Carol M. Anderson
Carol M. Anderson, Esquire
Attorney for Plaintiff
Florida Bar No. 135810
Trial Counsel
Lawyers Anderson & Anderson, P.A.
551 Fieldcrest Drive,
The Villages, Florida 32162
352-205-8923/cell 352-239-9989
andersonandanderson@comcast.net
Mailing address: 1721 Sunset Ridge Dr.
The Villages, Fl 32162

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by the United States Middle District Court's Case Management/Electronic Case Filing (CM/ECF) system on this 2nd day of April 2020, to all counsel of record, Edward F. Gagain, III, Esq. and Golden Scaz Gagain, PLLC, egagain@gsgfirm.com, attorneys for Defendant Best Buy Stores, LP.

/s/ Carol M. Anderson
Carol M. Anderson, Esquire