UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B ANDERSON,

      Plaintiff,

v.                                               **Case No: 5:20-cv-41-Oc-30PRL**

BEST BUY STORES L.P, COUPONS IN
THE NEWS, NAMECHEAP, INC.,
WHOISGUARD, INC, WHOISGUARD,
PROTECTED and JOHN/JANE DOE,

      Defendants.

_____

# REPORT AND RECOMMENDATION[1]

    This lawsuit arises out of Plaintiff's visit to a Best Buy store in Lady Lake, Florida, during which she got into a dispute with an employee over a coupon and was ultimately arrested for disorderly conduct. While there is disagreement as to whether Plaintiff dropped her pants during the dispute, Defendant Coupons in the News ("Coupons"), subsequently used Plaintiff's mug shot in an internet advertisement that labeled Plaintiff the "Pantless Couponer" and superimposed her photograph over the photograph of a Best Buy store.

    In her Second Amended Complaint ("SAC"), Plaintiff alleges that Defendants improperly published her likeness in violation of § 540.08, Florida Statutes; violated her common law right of privacy; intentionally and recklessly inflicted emotional distress; and were unjustly enriched by their actions. (Doc. 11). She also claims that she was falsely imprisoned by Best Buy.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Best Buy now moves to dismiss Plaintiff's claims and argues that she has failed to state any claim against it related to the incident at the store and the subsequent internet advertisement. (Doc. 28). The Court agrees.

### I.      Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holding in *Ashcroft* and *Twombly*. First, the Court must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

With the foregoing standard in mind, and taking the facts asserted in Plaintiff's Second Amended Complaint as true, the Court addresses each of the Counts brought against Best Buy.

## II.    DISCUSSION

### A.  § 540.08, Fla. Stat. (Count II) and Common Law Invasion of Privacy (Count VI)

In Count II, Plaintiff seeks damages from Best Buy for an alleged violation of § 540.08, Florida Statutes. Section 540.08 states, in relevant part, that "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use. . ." §540.08(1), Fla. Stat.

According to the SAC, Coupons — not Best Buy — published the "advertisement" with Plaintiff's photograph. (SAC at ¶3). And, the attached exhibits clearly state that the "image sources" for Plaintiff's mug shot and the picture of a Best Buy store were the Lake County Sheriff's Office and JeepersMedia. (Docs. 11-2, 11-3). Nevertheless, Plaintiff attempts to hold Best Buy responsible alleging that it was "complicit" with Coupons in the publication and advertisement of the incident it its store by creating and supplying the information that brought about the publication as follows:

a. Best Buy knew or should have known that the words used in a call to 911 by their manager were not private and could be manipulated and used by others.

b. Further, they knew or should have known that mugshots were printed by law enforcement agencies and that they could be manipulated and used publicly by vultures.

c. They knew or should have known that Coupons was blatantly advertising for their business using an unauthorized photograph and a fictitious story.

d. To date, Best Buy has taken no steps to remove the offending publication despite its company's core values, i.e. respect, humility and integrity, about which it has written in their website "Business strategies morph over time, but Best Buy's values as a company will never change."

e. They have negligently allowed their logo to be used in the subject advertisement for over 4 years by failing to adequately protect its use from pirates who they know and should have known are always preying on others, particularly in the internet world.

(SAC at ¶ 21).

While Best Buy employees were obviously involved in the underlying incident at the Best Buy store, there are no factual allegations suggesting that Best Buy took any steps to publish, print, display, or publicly use Plaintiff's name, photograph, or likeness. And even if Best Buy knew about Coupons' "offending publication" and its use of the Best Buy logo, Plaintiff has failed to cite any authority to suggest that Best Buy could be found liable under § 540.08 for not having it removed. Accordingly, Plaintiff has failed to allege a plausible claim against Best Buy for a violation of § 540.08.

For the same reasons, Plaintiff's claim against Best Buy for common law invasion of privacy (Count VI) — commercial misappropriation of her likeness — is due to be dismissed. Under Florida law, the elements of common law invasion of privacy (commercial misappropriation of likeness) coincide with the elements of unauthorized publication of name or likeness in violation

of Fla. Stat. § 540.08. *See Almeida v. Amazon.com, Inc.,* 456 F.3d 1316, 1320 n.1 (11th Cir. 2006) (the elements establishing both common law and statutory claims for misappropriation "are substantially identical.").

Accordingly, Plaintiff's claims for violation of § 540.08, Florida Statutes (Count II) and common law invasion of privacy (Count VI) are due to be dismissed.

**B.  Intentional Infliction of Emotional Distress (Count X)**

Next, Plaintiff seeks damages against Best Buy for intentional infliction of emotional distress. The elements of this claim are: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe. *Thomas v. Hospital Bd. of Directors of Lee County,* 41 So.3d 246, 256 (Fla.App.2010). The Florida Supreme Court has repeatedly advised that, to sustain this claim, the conduct must be "so outrageous in character, and so extreme in degree" that it is considered "atrocious ... and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278–79 (Fla.1985)."Whether conduct is sufficiently 'outrageous' to state a claim for [intentional infliction of emotional distress] is a question of law for the Court to decide." *Garcia v. Carnival Corp.* 838 F.Supp.2d 1334, 1339 (S.D. Fla. 2012) (citation omitted). "While there is no exhaustive or concrete list of what constitutes 'outrageous conduct,' Florida common law has evolved an extremely high standard." *Merrick v. Radisson Hotels Int'l, Inc.,* No. 8:06-cv-1591-T-24TGW, 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007) (citing *Golden v. Complete Holdings,* Inc., 818 F. Supp. 1495, 1499 (M.D. Fla. 1993).

Here, even if the publication of the purported advertisement with Plaintiff's mug shot could be deemed sufficiently outrageous, plaintiff has failed to allege any facts suggesting that Best Buy played any part in its publication. That leaves Plaintiff's allegations regarding the incident in the

store in which she claims that Best Buy's "mean-spirited conduct" was meant to cause "severe emotional distress." (SAC at ¶58). At most, Plaintiff has alleged that Best Buy employees were rude and disrespectful. Such conduct clearly does not "go beyond all bounds of decency and ... [cause] an average member of the community ... to exclaim, 'Outrageous.'" *Coton v. Televised Visual X-Ography, Inc.,* 740 F.Supp.2d 1299, 1316 (M.D. Fla. 2010) (quoting *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 279-80 (Fla. 1985). Accordingly, Count Ten for intentional infliction of emotional distress should be dismissed.

### C.  Unjust Enrichment (Count XIV)

Plaintiff seeks damages from Best Buy for unjust enrichment. To state a claim for unjust enrichment, Plaintiff must allege that she has conferred a benefit on Best Buy, who has knowledge thereof; Best Buy voluntarily accepted and retained the benefit conferred; and the circumstances are such that it would be inequitable for Best Buy to retain the benefit without first paying the value thereof to Plaintiff. *Duty Free World, Inc. v. Miami Perfume Junction, Inc.,* 253 So.3d 689, 693 (Fla. App. Ct. 2018).

Here, in a very conclusory manner Plaintiff alleges that the subject "advertisement" conferred some unspecified benefit on Best Buy, that Best Buy voluntarily accepted and retained the benefit, and that it would be inequitable to allow Best Buy to retain the benefit. However, as discussed above, Plaintiff alleged that Coupons, not Best Buy, published the subject advertisement and there are no factual allegations suggesting that Best Buy took any steps to publish, print, display, or publicly use Plaintiff's name, photograph, or likeness. On its face, it is implausible that Best Buy somehow received a benefit from the subject "advertisement" simply because Coupons posted a picture of a Best Buy store and logo and superimposed Plaintiff's mug shot.

Accordingly, Count Fourteen for unjust enrichment should be dismissed.

### D.  False Imprisonment (Count XVIII)

Finally, Plaintiff attempts to seek damages from Best Buy for false imprisonment. In order to state such a claim, Plaintiff must allege that Best Buy unlawfully detained and deprived her liberty; against her will; without legal authority or "color of authority;" and the detention was unreasonable and unwarranted under the circumstances. *City of Boca Raton v. Basso*, 242 So.3d 1141, 1143 (Fla. App. Ct. 2018).

Here, the SAC is devoid of sufficient factual matter to state a plausible claim for false imprisonment. Indeed, Plaintiff alleges in a vague and conclusory manner that Best Buy employees "escalated a simple coupon disagreement, caused her to stay in the store waiting for the police and pressed for her to get arrested" and "actively participated" in the false imprisonment "by their words and actions." (SAC at ¶¶95 & 97). These conclusory allegations are insufficient to state a claim for false imprisonment, and thus, Count Eighteen should be dismissed.

### III.   Recommendation

For the reasons stated above, Best Buy's motion to dismiss the Second Amended Complaint (Doc. 28) should be **GRANTED**.

 Recommended in Ocala, Florida on May 19, 2020.


PHILIP R. LAMMENS
United States Magistrate Judge


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy