UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B. ANDERSON,

    Plaintiff,

vs.                                          Case No. 5:20-cv-41-JSM-PRL

BEST BUY STORES, L.P., a foreign
Limited partnership; COUPONS IN THE
NEWS d/b/a couponsinthenews.com,
a foreign corporation; NAMECHEAP, INC.,
a foreign corporation; WHOISGUARD, INC.,
a foreign corporation, and
FICTITIOUS DEFENDANTS DOEs 1-3,

    Defendants.
_____/

**DEFENDANT COUPONS IN THE NEWS'**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR FEES**

Defendant Coupons In The News, LLC, pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby moves to dismiss the Second Amended Complaint against failure to state a claim. In support of its motion, Defendant states:

1. This case is about Plaintiff's altercation at a Best Buy store which resulted in her arrest, and the subsequent report about that arrest by Coupons in the News. See e.g., Second Amended Complaint at ¶¶ 2 and Ex. B; Arrest Affidavit/First Appearance Form, Case No. 16.mm-351, Lake County Court, a redacted copy of which is attached hereto as **Exhibit A**.[1] In the arrest

---

[1] Documents referenced in Second Amended Complaint, such as the arrest affidavits here, are incorporated into it for all purposes and the Court may consider those documents on a motion to dismiss. See Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment"), citing Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Deerman v. Fed. Home Loan Mortgage Corp., 955 F. Supp. 1393, 1397 (N.D. Ala. 1997) (considering portions of Freddie Mac Seller/Servicer Guide referenced in complaint and mortgage contracts appended thereto on motion to dismiss without converting it into a motion for

affidavit, the arresting officer related that the Best Buy employees reported that Plaintiff "was showing her buttocks to other customers in the store and causing a disruption." Id.

2. Of the two counts filed against Plaintiff, the count for resisting without violence was *nolle prosequi* by the prosecutor and the count for disorderly conduct was not pursued because Plaintiff "has previously been found not guilty by reason of insanity." Announcement of No Information, Case No. 2016-MM-000351-A-BW, June 9, 2017, a copy of which is attached as **Exhibit B**.

3. Review of the court record for Lake County, Florida reveals other arrests, primarily around 2011, as well as two guardianship cases in which Plaintiff's attorney in this case, Carol M. Anderson, was appointed co-guardian of Plaintiff due to incapacity. See Dockets attached as composite **Exhibit C**.

4. Plaintiff is not the first person wanting to remove booking photos from criminal arrests from the internet. And no doubt Plaintiff's conduct leading to the arrests are embarrassing to her and her family, and probably related to a mental illness. But she now seeks to profit from her mental illness and the criminal disturbance she caused.

5. Plaintiff's Second Amended Complaint asserts four counts against Defendant Coupons in the News: Count I for Violation of Fla. Stat. § 540.08 - Unauthorized Publication of Name or Likeness; Count V for common law invasion of privacy; Count IX for intentional infliction of emotional distress; and Count XIII for unjust enrichment. None of these counts states a claim and the Second Amended Complaint should be dismissed with prejudice as to Coupons in the News.

---

summary judgment), aff'd., 140 F.3d 1043 (11th Cir. 1998)(table); Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).

#75324041_v2

6. Coupons in the News is a Georgia limited liability company which reports news via the internet about the coupon industry.  Since 2012, Coupons in the News has published reports about coupons, retail trends, grocery shopping, and saving money.  Coupons in the News' readers include members of the general public and industry professionals.  As the only news publication of its kind, Coupons in the News is the go-to site for informative and entertaining stories about coupons, companies that issue coupons, and the consumers who use them. https://couponsinthenews.com/about-us/welcome-to-coupons-in-the-news/, last accessed on June 3, 2020.

7. Coupons in the News publishes its news via the internet.  Unlike a daily print newspaper, Coupons in the News does not sell subscriptions.  Like a daily print newspaper, Coupons in the News sells advertising space alongside its news reports.

8.  Plaintiff's Second Amended Complaint is a quintessential Strategic Lawsuit Against Public Participation ("SLAPP"), which seeks to hold Coupons in the News liable for exercising its constitutional rights to free speech in connection with publishing a news report about a public issue — namely, criminal activity in the community.  In that regard, Plaintiff's Complaint is designed to chill speech on a public issue, and it falls squarely within Florida's Anti-SLAPP statute.  See Fla. Stat. § 768.295.

9. Accordingly, Defendant Coupons in the News is entitled to an award of its attorney's fees and costs in bringing this motion to dismiss.  Fla. Stat. § 768.295(4).

10. Plaintiff labels Exhibits B and C, attached to the Second Amended Complaint, as "advertisements," when they are clearly and actually, print-outs of news reports on www.couponsinthenews.com.  Plaintiff's choice of label does not convert news reports to advertisements just because she dislikes the news reports.

11. What Plaintiff labels as an "advertisement" in Exhibits B and C are actually two photos superimposed over each other, to illustrate the news reports and headline. One photo is the mug shot of Plaintiff and the other photo is of the front of a Best Buy store:



12. Plaintiff's assertion that the above illustration to the news report about her conduct inside a Best Buy store is an "advertisement" is nothing short of frivolous.

13. All of Plaintiff's claims are barred by the fair reporting privilege, which protects publication of information from official sources, such as statements and photographs from public officials like law enforcement agencies.  See <u>Ortega v. Post-Newsweek Stations, Florida, Inc.</u>, 510 So. 2d 972, 976 (Fla. 3d DCA 1987) ("The privilege to report on official proceedings exists so that the public may be kept informed of the workings of government."); <u>Jamason v. Palm Beach Newspapers, Inc.</u>, 450 So. 2d 1130, 1133 (Fla. 4th DCA 1984).

14. As to the individual counts, Count I is due to be dismissed because § 540.08, Florida Statutes, specifically exempts news reports as "commercial speech" that is subject to it. The mere fact that news publication sells advertising or is a business that (hopefully) makes money is not sufficient to bring the news report at issue within the purview of the statute. To hold

#75324041_v2

otherwise would violate the First Amendment rights of Coupons in the News to publish news reports.

15. Under Florida law, common law invasion of privacy for unauthorized use of name or likeness is interpreted the same as § 540.08, Florida Statutes, and therefore fails for the same reasons.

16. The Second Amended Complaint also fails to allege sufficient facts to support causes of action for intentional/reckless infliction of emotional distress (Count IX) or unjust enrichment (Count XIII).

17. This case is not one that is subject to allowing further amendment of the complaint, because the Plaintiff cannot simply change the facts of the underlying criminal encounter at Best Buy. Accordingly, leave to further amend the complaint should be denied and the Second Amended Complaint should be dismissed with prejudice.

WHEREFORE, Defendant Coupons in the News, LLC respectfully requests that, for all of the aforementioned reasons, this Court dismiss with prejudice those counts of Plaintiff's Second Amend Complaint asserted against it, award Coupons in the News its reasonable attorney's fees and costs, and any further relief the Court deems just and proper.

## MEMORANDUM OF LAW

**I.   The exhibits to the Second Amended Complaint control over Plaintiff's labeling the news reports as "advertisements."**

Although, generally speaking, a court is to accept allegations of fact as true when deciding a motion to dismiss, that does not mean that this Court need accept Plaintiff's conclusory allegation that Exhibits B and C are "advertisements" when, on their faces, they are clearly news reports. Griffin Indust., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (holding that the court is not

required to accept Plaintiff's conclusory allegations when "the exhibits attached to the complaint plainly show that this is not the case.").

> Although Griffin's complaint makes the conclusory allegation that it is similarly situated to American Proteins in all relevant ways, the exhibits attached to the complaint plainly show that this is not the case. Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. *See Associated Build-ers, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted)); *Simmons [v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940)] ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

Griffin Indust., Inc., 496 F.3d at 1205-06.  Exhibits B and C to the Second Amended Complaint are clearly news reports and this Court is not required to pretend otherwise.

**II.     Counts I and V – for unauthorized use of likeness – fail as a matter of law.**

Under Florida law, the elements of common law invasion of privacy (commercial misappropriation of likeness) coincide with the elements of unauthorized publication of name or likeness in violation of § 540.08, Florida Statutes.  Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1320 n.1 (11th Cir. 2006). Accordingly, Counts I and V are analyzed under the same standards.

Here, Plaintiff's Second Amended Complaint fails to allege claims in either count because the news report attached as exhibits to the Second Amended Complaint are exempted from the statute and do not constitute a use of Plaintiff's likeness for "commercial or advertising purpose."

Plaintiff attached a print-out of § 540.08, Florida Statutes, as Exhibit A to her Second Amended Complaint.  The statute expressly provides an exception from its application for bona fide news reports:

(4)   The provisions of this section ***shall not apply to***:

> (a) The ***publication***, printing, ***display***, or ***use*** of ***the name or likeness of any person in any*** newspaper, magazine, book, news broadcast or telecast, ***or other news medium or publication as part of any bona fide news report*** or presentation ***having a current and legitimate public interest and where such name or likeness is not used for advertising purposes***;

Fla. Stat. § 540.08(4)(a). Here, the allegations of the Second Amended Complaint, which include the exhibits attached thereto, squarely show that Coupons in the News' reports attached as Exhibits B and C fail to allege the use of Plaintiff's image or name for trade, commercial, or advertising purposes. Almeida, 456 F.3d at 1325 (holding that "Courts have interpreted the statute's commercial purpose requirement to require that a defendant's unauthorized use "directly promote" a product or service.")

In Tyne v. Time Warner Entm't Co., 901 So. 2d 802, 808 (Fla. 2005) the Florida Supreme Court answered a rephrased certified question, from the Eleventh Circuit Court of Appeal, asking "Does the phrase 'for purposes of trade or for any commercial or advertising purposes' in section 540.08(1), Florida Statutes, include publications which do not directly promote a product or service?" In answering that question in the negative, the Florida Supreme Court adopted the reasoning of the Fourth District Court of Appeal in Loft v. Fuller, 408 So.2d 619 (Fla. 4th DCA 1981) and held that "[t]he purpose of section 540.08 is to prevent the use of a person's name or likeness to directly promote a product or service because of the way that the use associates the person's name or personality with something else." 901 So. 2d at 807. Quoting extensively from the Loft opinion, the Florida Supreme Court explained:

> In our view, section 540.08, by prohibiting the use of one's name or likeness for trade, commercial or advertising purposes, is designed to prevent the unauthorized use of a name *to directly promote the product or service of the publisher*. Thus, the publication is harmful not simply because it is included in a publication that is sold for a profit, but rather because of the way it associates the individual's name or his personality with something else. Such is not the case here.

#75324041_v2

> While we agree that at least one of the purposes of the author and publisher in releasing the publication in question was to make money through sales of copies of the book and that such a publication is commercial in that sense, this in no way distinguishes this book from almost all other books, magazines or newspapers and simply does not amount to the kind of commercial exploitation prohibited by the statute. We simply do not believe that the term "commercial," as employed by Section 540.08, was meant to be construed to bar the use of people's names in such a sweeping fashion. We also believe that acceptance of appellants' view of the statute would result in substantial confrontation between this statute and the first amendment to the United States Constitution guaranteeing freedom of the press and of speech.

901 So. 2d at 806 (emphasis included), quoting Loft, 408 So. 2d at 622-23. Applying this standard, courts have held that the use of an image in a publication is not for a "commercial purpose" under section 540.08 merely because the publication is offered for sale.

Here, the photos in Exhibits B and C were used as illustrations to the new reports and headline for the news reports, and do not "directly promote the product or service of the publisher." Id. This has been established law in Florida since 2005, so Plaintiff's argument to the contrary is frivolous. Consequently, granting leave to amend Counts I and V would be of no avail and those counts should be dismissed with prejudice.

**III.    Count IX - intentional infliction of emotional distress – fails as a matter of law.**

In Florida, a plaintiff alleging intentional infliction of emotional distress must show that: (1) the defendant acted recklessly or intentionally; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) plaintiff's emotional distress was severe. Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985); Johnson v. Thigpen, 788 So. 2d 410, 412 (Fla. 1st DCA 2001); see also Clemente v. Horne, 707 So. 2d 865, 866 (Fla. 3d DCA 1998). Plaintiff fails to plausibly alleged these elements.

The issue of whether a defendant's actions are so extreme and outrageous as to permit a claim for intentional infliction of emotional distress is a legal question for courts to decide as a matter of law. Vance v. Southern Bell Tel. Co., 983 F. 2d 1573, 1575 n. 7 (11th Cir. 1993); Baker

8

v. Florida Nat. Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990).  Florida applies the definition of extreme and outrageous conduct set forth in Section 46, RESTATEMENT (SECOND) OF TORTS:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985).  Thus, intentional infliction of emotional distress requires a very high bar as a matter of law.

Yet, here, Plaintiff merely recites the element of outrageousness in conclusory fashion, without alleging conduct that rises to the level required to state such a cause of action. Additionally, the publications attached as Exhibits B and C of the Second Amended Complaint are not extreme and outrageous at all, let alone the level of outrageousness required under Florida law.  Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277 (Fla. 1985); Fridovich v. Fridovich, 598 So. 2d 65, 69 (Fla. 1992) (citing Anderson v. Rossman & Baumberger, P.A., 440 So.2d 591, 593 (Fla. 4th DCA 1983); Cap Publ'ns, Inc. v. Bridges, 423 So. 2d 426, 427 (Fla. 5th DCA 1982) (law in Florida seems settled that where one becomes an actor in an occurrence of public interest, it is not an invasion of her right to privacy to publish her photograph with an account of such occurrence or intentional infliction of emotional distress).

First Amendment principles are also implicated by Plaintiff's theories of liability here. Plaintiff's claim for intentional infliction of emotional distress is effectively masquerading as a claim for defamation – whose two-year statute of limitation expired years ago.  Fla. Stat. § 95.11(4)(g). The Florida Supreme Court has expressly held that an action for international

#75324041_v2

infliction of emotional distress cannot circumvent a bar to a defamation claim on the same facts complaining about the publication of material. <u>Fridovich v. Fridovich</u>, 598 So. 2d 65, 69 (Fla. 1992) ("It is clear that a plaintiff is not permitted to make an end-run around a successfully invoked defamation privilege by simply renaming the cause of action and repleading the same facts."). <u>See also</u> <u>Silvester v. Am. Broad. Cos.</u>, 650 F. Supp. 766 (S.D. Fla. 1986), <u>aff'd</u>, 839 F.2d 1491 (11th Cir. 1988); <u>Porter v. Sanchez</u>, 2017 U.S. Dist. LEXIS 184211 (M.D. Fla. Nov. 17, 2017); <u>cf.</u> <u>Foshee v. Health Mgmt. Assocs.</u>, 675 So. 2d 957, 960 (Fla. 5th DCA 1996) (intentional infliction of emotional distress "can be defined, loosely, as any outrageous conduct emotionally injurious to the claimant, which conduct is not violative of any other recognized tort").

Plaintiff's claim for intentional or reckless infliction of emotional distress does not state a cause of action and cannot be amended to do so. Accordingly, Count IX should also be dismissed with prejudice.

**IV.    Count XIII - for unjust enrichment – fails as a matter of law.**

Quantum meruit, unjust enrichment, and quasi contract are all names for the same cause of action, that of breach of contract implied at law. <u>Aldebot v. Story</u>, 534 So. 2d 1216, 1217 (Fla. 3d DCA 1989) ("Quantum meruit describes the extent of liability on a contract implied in law."); <u>Commerce P'ship vs. Equity Contracting Co., Inc.</u>, 695 So. 2d 383, 386 (Fla. 4th DCA 1997) (en banc) ("To describe the cause of action encompassed by a contract implied in law, Florida courts have synonymously used a number of different terms—"quasi contract," "unjust enrichment," "restitution," "constructive contract," and "quantum meruit.") (footnotes collecting cases omitted). But no matter its name, the cause of action is based on a benefit purportedly conferred by a plaintiff and inequitably retained by a defendant.

Here, Count XIII purports to assert a claim for unjust enrichment but fails to establish the elements of such a claim, which are: "(1) the plaintiff has conferred a benefit on the defendant;

10

(2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." Commerce, 695 So. 2d at 386; Fla. Power Corp. v. City of Winter Park, 887 So. 2d 1237, 1242 n. 4 (Fla. 2004) ("The elements of an unjust enrichment claim are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.") (internal quotations omitted); Adventist Health Sys./Sunbelt Inc. v. Medical Sav. Ins. Co., No. 6:03-cv-1121-Orl-19KRS, 2004 WL 6225293, at *3 (M.D. Fla. 2004) ("State appellate courts sometimes use the terms interchangeably, and sometimes substitute the terms 'general assumpsit' and 'quasi-contract' for quantum meruit and 'quasi-contract' and 'contract implied in law,' among many others, for unjust enrichment.") (applying Florida law and citing Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 806-07 (11th Cir. 1999).

      Here, Plaintiff's claim for unjust enrichment essentially repeats her claims for unauthorized use of her photo, in Counts I and V.  However, for the same reasons which compel dismissal of those counts, Count XIII should also be dismissed.  Plaintiff's conclusory assertion that she has conferred a benefit upon Plaintiff, is (once again) contradicted by Exhibits B and C.  Each show that Plaintiff's photograph used in the new report was a booking photo and public record obtained from the Lake County Sheriff's Office. Dkt. 11-2 at 2; Dkt. 11-3 at 4.  Just like including a booking photo in a news report about a crime is not a misappropriation, it is also not an unjust enrichment. Cap Publ'ns, Inc., 423 So. 2d at 427.

V.  **Coupons in the News is entitled to an award of its reasonable attorney's fees and costs in having to bring this motion.**

Plaintiff's Second Amended Complaint is a quintessential Strategic Lawsuit Against Public Participation ("SLAPP"), which seeks to hold Coupons in the News liable for exercising its constitutional rights to free speech in connection with publishing a news report about a public issue — namely, criminal activity in the community. In that regard, Plaintiff's Complaint is designed to chill speech on a public issue, and it falls squarely within Florida's Anti-SLAPP statute. See Fla. Stat. § 768.295.

Here, the news reports meet the Anti-SLAPP statute's definition of "Free speech in connection with public issues" because the news reports are written statements that are protected under First Amendment and is made in connection with a news report. See Fla. Stat. § 768.295(2)(a). A defendant asserting protection under Florida's Anti-SLAPP statute has a right to an expeditious resolution under the statute. Fla. Stat. § 768.295(4). The statute also provides an award of reasonable attorney fees and costs incurred in defending from SLAPP claims. Id. ("The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.").

Because all four counts asserted by Plaintiff against Coupons in the News are without merit and designed to stop it from keeping its news report about Plaintiff in its archives in violation of Florida's Anti-SLAPP statute, Coupons in the News will be a prevailing party when the claims are dismissed. Consequently, it will be entitled to an award of its reasonable attorney's fees and costs, in an amount to be determined.

WHEREFORE, Defendant Coupons in the News, LLC respectfully requests that, for all of the aforementioned reasons, this Court dismiss with prejudice Counts I, V, IX, and XIII of

#75324041_v2

Plaintiff's Second Amend Complaint, award Coupons in the News its reasonable attorney's fees and costs in an amount to be determined, and any further relief the Court deems just and proper.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

/s Jennifer A. Mansfield
Jennifer A. Mansfield
Florida Bar No. 0186724
50 North Laura Street, Ste. 3900
Jacksonville, Florida   32202
(904) 353-2000
(904) 358-1872
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing has been sent to counsel of record by the Court's CM/ECF system on the 4th day of June, 2020.

/s Jennifer A. Mansfield
Attorney

#75324041_v2