UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B ANDERSON,

       Plaintiff,

v.                                    Case No: 5:20-cv-41-Oc-30PRL

BEST BUY STORES L.P, COUPONS IN
THE NEWS, NAMECHEAP, INC.,
WHOISGUARD, INC, WHOISGUARD,
PROTECTED and JOHN/JANE DOE,

       Defendants.

---

## REPORT AND RECOMMENDATION[1]

This lawsuit arises out of Plaintiff's visit to a Best Buy store in Lady Lake, Florida, during which she got into a dispute with an employee over an expired coupon and was ultimately arrested for disorderly conduct. While there is disagreement as to whether Plaintiff dropped her pants during the dispute, Defendant Coupons in the News ("Coupons"), subsequently used Plaintiff's mug shot in articles posted on its website that detailed the events and labeled Plaintiff the "Pantless Couponer."

Plaintiff brought this action against Coupons alleging that its conduct in publishing the articles was actionable on the theories of commercial misappropriation of likeness, invasion of privacy, intentional infliction of emotional distress, and unjust enrichment. (Doc. 11). Coupons has moved to dismiss all claims pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

(Doc. 43). The Court agrees that Plaintiff's claims against Coupons should be dismissed in their entirety.

## I.      Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc*., 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holding in *Ashcroft* and *Twombly*. First, the Court must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 129 S. Ct. at 1949).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

## II.    DISCUSSION

Central to her claims against Coupons, is Plaintiff's conclusory allegation that the subject articles are advertisements. While the Court generally must accept allegations of fact as true for purposes of a motion to dismiss, the Court is not required to accept conclusory allegations that are refuted by exhibits attached to the complaint. *See Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007) (finding that "[o]ur duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations" and that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern"). Here, the articles attached to the Second Amended Complaint (Exhibits B and C) clearly are not advertisements. The Court is not required to abandon common sense simply because Plaintiff alleges otherwise.

On their face, the articles recount the events surrounding Plaintiff's arrest at the Best Buy store. Crimes and arrests are newsworthy matters, falling within the scope of legitimate public concern. *See Cape Publications, Inc. v. Bridges*, 423 So.2d 426, 427 & n.2 (Fla. App. Ct. 1982) ("[w]ithin the scope of legitimate public concern are matters customarily regarded as 'news,'" which includes publications concerning crimes, arrests, police raids, suicides, marriages, divorces etc.). Florida courts have confirmed that "where one becomes an actor in an occurrence of public

interest, it is not an invasion of her right to privacy to publish her photograph with an account of

such occurrence." *Id.* at 427-28. "Just because the story and the photograph may be embarrassing

or distressful to the plaintiff does not mean the newspaper cannot publish what is otherwise

newsworthy." *Id.* at 428. Keeping this in mind, the Court will consider each of Plaintiff's claims.

**A.  § 540.08, Fla. Stat. (Count I) and Common Law Invasion of Privacy (Count V)**

Plaintiff claims that Coupons commercially misappropriated her likeness in violation of §

540.08, Florida Statutes (Count I) and common law (Count V).[2] Section 540.08 states, in relevant

part, that "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade

or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of

any natural person without the express written or oral consent of such use." §540.08(1), Fla. Stat.

"[T]he purpose of section 540.08 is to prevent the use of a person's name or likeness to directly

promote a product or service because of the way that the use associates the person's name or

personality with something else." *Tyne v. Time Warner Enm't,* 901 So. 2d 802, 808 (Fla. 2005)

(*citing Loft v. Fuller*, 408 So.2d 619, 622 (Fla. App. Ct. 1981)).

Here, Plaintiff alleges that Coupons violated § 540.08, by publishing the subject articles

using Plaintiff's photograph, "[f]or the commercial purpose of soliciting subscribers and thereby

increasing valuable traffic to couponsinthenews.com (which offers coupons, services, and

advertisements) and to Best Buy." (Doc. 11 at ¶15). As discussed above, the subject articles

recounted the events surrounding Plaintiff's arrest, and Plaintiff's photograph was used as an

illustration to the articles. On their face, the articles did not "directly promote a product or service"

---

[2]  Under Florida law, the elements of common law invasion of privacy (commercial misappropriation of likeness) coincide with the elements of unauthorized publication of name or likeness in violation of Fla. Stat. § 540.08. *See Almeida v. Amazon.com, Inc.,* 456 F.3d 1316, 1320 n.1 (11th Cir. 2006) (the elements establishing both common law and statutory claims for misappropriation "are substantially identical."). Accordingly, the Court will address the claims together.

of Coupons. *Id.* To accept Plaintiff's view of the statute, would mean that every article Coupons published on its website with a photograph would run afoul of § 540.08, because presumably, every article was published to further its business interests. This "would result in substantial confrontation between this statute and the first amendment to the United States Constitution guaranteeing freedom of the press and of speech." *Tyne,* 901 So. 2d at 806, *quoting Loft*, 408 So. 2d at 622-23.

Accordingly, Plaintiff has failed to allege plausible claims against Coupons for commercial misappropriation in violation of Florida Statute § 540.08 (Count I) or common law (Count V).

### B.  Intentional Infliction of Emotional Distress (Count IX)

Next, Plaintiff seeks damages against Coupons for intentional infliction of emotional distress. The elements of this claim are: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe. *Thomas v. Hospital Bd. of Directors of Lee County,* 41 So.3d 246, 256 (Fla.App.2010). The Florida Supreme Court has repeatedly advised that, to sustain this claim, the conduct must be "so outrageous in character, and so extreme in degree" that it is considered "atrocious ... and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278–79 (Fla.1985). "Whether conduct is sufficiently 'outrageous' to state a claim for [intentional infliction of emotional distress] is a question of law for the Court to decide." *Garcia v. Carnival Corp.* 838 F.Supp.2d 1334, 1339 (S.D. Fla. 2012) (citation omitted). "While there is no exhaustive or concrete list of what constitutes 'outrageous conduct,' Florida common law has evolved an extremely high standard." *Merrick v. Radisson Hotels Int'l, Inc.,* No. 8:06-cv-1591-T-24TGW, 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007) (citing *Golden v. Complete Holdings, Inc.,* 818 F. Supp. 1495, 1499 (M.D. Fla. 1993).

Plaintiff alleges in a conclusory manner that Coupons' publication of the articles with her mugshot was outrageous. However, while the articles may be embarrassing or distressful to Plaintiff, they detail a matter of legitimate public concern and are certainly not "atrocious . . . and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co.,* 467 So.2d at 278-79; *see also Cape Publications, Inc. v. Bridges*, 423 So.2d 426, 427-28 (Fla. App. Ct. 1982). Accordingly, Plaintiff has failed to allege a plausible claim against Coupons for intentional infliction of emotional distress (Count IX).

### C.  Unjust Enrichment (Count XIII)

Plaintiff also seeks damages from Coupons for unjust enrichment. To state a claim for unjust enrichment, Plaintiff must allege that she has conferred a benefit on Coupons, who has knowledge thereof; Coupons voluntarily accepted and retained the benefit conferred; and the circumstances are such that it would be inequitable for Coupons to retain the benefit without first paying the value thereof to Plaintiff. *Duty Free World, Inc. v. Miami Perfume Junction, Inc.,* 253 So.3d 689, 693 (Fla. App. Ct. 2018).

Here, in a very conclusory manner, Plaintiff alleges that the articles with her "misappropriated" photograph conferred some unspecified benefit on Coupons. (Doc. 11 at ¶72). It is unclear what benefit the articles could possibly have conferred since they simply recounted the events surrounding Plaintiff's arrest (with Plaintiff's photograph used as an illustration); and the articles were not advertisements, nor did they directly promote a product or service of Coupons. Accordingly, Plaintiff has failed to allege a plausible claim against Coupons for unjust enrichment.

### D. Florida's Anti-SLAPP Statute

Finally, Coupons asserts that Plaintiff's Second Amended Complaint falls within Florida's anti-SLAPP statute and that Coupons should be awarded its attorney's fees and costs incurred in defending it. (Doc. 43, pp. 12-13).

The anti-SLAPP statute prohibits anyone from bringing a lawsuit that is "without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). This case meets both requirements of Florida's anti-SLAPP law. First, as detailed above, Plaintiff's claims against Coupons are "without merit." Second, this lawsuit arises out of Coupons' exercise of its "constitutional right of free speech in connection with a public issue" because the subject articles constitute a "written or oral statement that is protected under applicable law," and was "made in or in connection with" an "audiovisual work . . . news report, or other similar work." Fla. Stat. § 768.295(2)(a). In these circumstances, an award of attorney's fees and costs incurred in connection with the SLAPP motion itself is mandated. *See* Fla. Stat. § 768.295(4) ("The Court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section."); *see also, Parekh v. CBS Corp.,* Case No. 19-11794, 2020 WL 3400679 (11th Cir. June 19, 2020) (affirming award of attorney's fees and costs in defamation action pursuant to Florida's anti-SLAPP statute). It appears, however, that such fees and costs can only be awarded after a hearing. *See id.*

Accordingly, if Coupons' motion to dismiss is granted and Counts I, V, IX, and XIII are dismissed, the Court should then determine the proper amount of an award of attorney's fees and costs. ! !

!

- 8 -

### III.    Recommendation

For the reasons stated above, Coupons' motion to dismiss the Second Amended Complaint

(Doc. 43) should be **GRANTED.**

Recommended in Ocala, Florida on July 28, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy