UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B. ANDERSON,

      Plaintiff,

vs.                                                                        Case No. 5:20-cv-41-JSM-PRL

BEST BUY STORES, L.P., a foreign
Limited partnership; COUPONS IN THE
NEWS d/b/a couponsinthenews.com,
a foreign corporation; NAMECHEAP, INC.,
a foreign corporation; WHOISGUARD, INC.,
a foreign corporation, and
FICTITIOUS DEFENDANTS DOEs 1-3,

      Defendants.

_____/

**DEFENDANT'S VERIFIED MOTION TO TAX FEES AND COSTS**
**WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Coupons in the News, Inc., pursuant to the Court's order of August 31, 2020, and Federal Rules of Civil Procedure 11 and 54(d) moves the Court for an award of necessary expenses, including attorneys' fees, incurred in this action. Defendant seeks an award of the following:

1.     This case is about Plaintiff's altercation at a Best Buy store which resulted in her arrest, and the subsequent report about that arrest by Coupons in the News. See e.g., Second Amended Complaint at ¶¶ 2 and Ex. B; Arrest Affidavit/First Appearance Form, Case No. 16.mm-351, Lake County Court, a redacted copy of which is attached as Exhibit A to Defendant's Motion to Dismiss.

2.      None of the counts in the Second Amended Complaint states a claim, as set forth in Coupons in the News' Motion to Dismiss [Dkt 43], the Magistrate Judge's Report and

Recommendation [Dkt. 53], and this Court's order adopting the Report and Recommendation. Dkt. 59.  In short, the Second Amended Complaint is frivolous and the Court has determined that Coupons in the News is entitled to a award of attorney's fees and costs pursuant to Florida's Anti-SLAPP statute.

3.      Defendant's counsel, Holland & Knight LLP, performed a total 44.8 hours of legal services on this case.  The undersigned's hourly rate is $525.  Thus, the value of the time expended is $23,520.00.  Billing records with details about this time and the tasks performed, are attached hereto as **Exhibit A**.  These records were created by the undersigned contemporaneously with when the work was performed.

4.      Additionally, Defendant incurred costs of $16.80 for obtaining copies of documents from PACER, since much litigation in this case had already occurred by the time Coupons in the News was served with the Second Amended Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant this motion, award reasonable attorney's fees in the amount of $23,520.00, award costs in the amount of $16.80, and accordingly enter a judgment in its favor and against Plaintiff in the total amount of $23,536.80, and any further relief the Court deems just and proper.

## MEMORANDUM OF LAW

As the Court's order adopting the Report and Recommendation finds, Plaintiff's Second Amended Complaint is a quintessential Strategic Lawsuit Against Public Participation ("SLAPP"), which seeks to hold Coupons in the News liable for exercising its constitutional rights to free speech in connection with publishing a news report about a public issue — namely, criminal activity in the community. Dkt. 53 at 7-8.  In that regard, Plaintiff's Complaint is designed to chill

speech on a public issue, and it falls squarely within Florida's Anti-SLAPP statute.  See Fla. Stat. § 768.295.  Id.

Florida's Anti-SLAPP statute provides for an award of reasonable attorney's fees and costs incurred in defending from SLAPP suits.  Id. ("The court shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section.").

Because all four counts asserted by Plaintiff against Coupons in the News have been dismissed with prejudice, there can be no reasonable question that Coupons in the News is the prevailing party.

Defendant's engagement agreement with Holland & Knight LLP provided that the firm would represent Defendant on a *pro bono* basis, but would be entitled to all fees and costs awarded by the Court.  An award of attorney's fees is not affected by the fact that a Defendant's counsel has provided legal services on a *pro bono* basis.  Indeed, the undersigned counsel had already donated a significant amount of *pro bono* hours on another matter before the instant case was brought to her attention.  Thus, the potential availability of attorney's fees and costs available under the Anti-SLAPP statute was a significant factor in agreeing to take on this case.

## REASONABLENESS OF AMOUNT OF ATTORNEY'S FEES

"[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate."  Norman v. Housing Authority of the City of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1988) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The resulting figure is known as the "lodestar."

#78221372_v1

**Determining the Lodestar: The *Johnson v. Georgia Highway Express, Inc.*[1] Factors**

**1.     The Time and Labor Required**

In seeking an award of fees, attorneys have an obligation to exercise "billing judgment." Hensley, 461 U.S. at 434.  Defendant's counsel exercised billing judgment by efficiently staffing the case.  Just one attorney (the undersigned) expended time on this matter.  Attorneys were not assigned to the case unnecessarily.

The defense of this case benefited from defense counsel's extensive experience with First Amendment law, allowing Defendant to raise dispositive issues early in the case and thus avoiding significant litigation expenses. Nonetheless, defense counsel was required to prepare the motion to dismiss the second amended complaint, including reviewing the case history prior to Coupons in the News being served with the summons.  Defense counsel also had to review and respond to other frivolous filings by Plaintiff's counsel.  See, e.g., Dkt. 48, 50, 55, 58.

**2.     The Novelty and Difficulty of the Question**

While First Amendment law is a specialized area of the law with a relatively small number of practitioners, the legal principles at issue were not novel or particularly difficult for a seasoned First Amendment attorney.

**3.     Skill Requisite to Perform the Legal Service Properly**

This factor is addressed to the Court's assessment of the attorney based upon its observation of "the attorney's work product, … his preparation, and general ability before the court."  Johnson, 488 F.2d at 718.  In making this assessment, the Court is to apply its expertise gained from its own career, both as a lawyer and as a judge.  Id.  This criterion asks, initially,

---

[1] 488 F.2d 714, 717 (5th Cir. 1974).  Decisions of the Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

#78221372_v1

whether Defendant's lawyer was competent and experienced to the job assigned and, thereby, whether she is deserving of the prevailing rates for lawyers engaged in litigation.  This case required a skilled attorney, particularly versed in First Amendment and federal practice.  Defendant respectfully submits that the written presentations to the Court were of a high quality and served to aid the Court in its consideration of the issues presented.  Accordingly, the hourly rate of $525 is reasonable on this basis.

    **4.**     **The Preclusion of Other Employment Due to Acceptance of the Case.**

Ultimately, practicing law is a business where income must meet operating expenses.  Thus, taking one *pro bono* case will often preclude taking another.  As indicated above, the undersigned agreed to represent Coupons in the News because, based upon her assessment of the frivolousness of Plaintiff's claims against it, Florida's Anti-SLAPP statute would provide for a claim for attorney's fees.

    **5.**     **The Customary Fee**

The Eleventh Circuit has provided guidance on how to determine whether a requested rate is reasonable: "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  <u>Norman</u>, 836 F.2d at 1299.  The hourly rate should be fixed "according to rates customarily charged for similarly complex litigation, and is not to be limited by the amounts customarily charged in actions brought under the same statute."  <u>Wadford v. Heckler</u>, 765 F.2d 1562, 1568 (11th Cir. 1985).  The best evidence of the rates customarily charged in "similar" litigation is the standard non-contingent hourly billing rates of the attorneys representing the plaintiffs.  <u>See Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984) (rate typically charged in private non-contingent representation "[a]ffords relevant comparison").

Defendant's attorneys brought a variety of experience and expertise to this litigation. Jennifer Mansfield is a litigation partner who has been a member of the Florida Bar since 1999. Ms. Mansfield clerked for the Honorable Ralph W. Nimmons, United States District Judge for the Middle District of Florida from 1999-2001, and has since practiced as a litigation attorney at Holland & Knight LLP.  She has substantial litigation experience, including First Amendment and federal court matters.

Defendant submits that an hourly rate of $525 for Ms. Mansfield is within the range of current reasonable rates in the Middle District of Florida for lawyers with comparable skills and experience at firms of similar reputation and resources..  See, e.g., In re K.J., Case No. 9:16-CV-80177-RLR (S.D. Fla. Aug. 18, 2016) (holding that rate of $440-$460 per hour for Ms. Mansfield was a reasonable rate in 2016), a copy of which is appended hereto.

**6.      Awards in Similar Cases**

As noted above, the total hours requested herein are fewer than 50.  Defendant respectfully submits that the result of dismissal with prejudice obtained with such few hours expended means that the award requested would be less than that of similar cases.

**7.      Experience, Reputation and Ability of the Attorneys**

This matter was referred to the undersigned by the Reporters' Committee for Freedom of the Press, a national organization which provides legal support and resources to news organizations, reporters, editors, documentary filmmakers, media lawyers, and others to protect First Amendment freedoms and the newsgathering rights of journalists.  The Court, having reviewed the written work product, having the full background provided in the hereto, and being familiar with local firms, is in a position to make its own assessment of Defendant's counsel.

#78221372_v1

**8.      Whether the Fee Is Fixed or Contingent**

The fees here were totally contingent in that Defendant was a *pro bono* client and paid no fees.   Defendant's counsel is entitled to fees only because her efforts resulted in Defendant prevailing in this action.   While consideration of contingency as a factor in determining the reasonableness of the hourly rate is appropriate, counsel's requested rates are within the range of hourly rates charged locally for non-contingent work, in which the risk of not recovering fees is much less.

**9.      Time Limitations Imposed by the Client or the Circumstances**

This factor is not applicable in this case.

**10.      The Results Obtained**

Although success in litigation is never assured, Defendant obtained the full relief sought. Where "the result was excellent, then the court should compensate for all hours reasonably expended." Norman v. Housing Authority of the City of Montgomery, 836 F. 2d 1292, 1302 (11th Cir. 1988).

**11.      Undesirability of the Case**

The uncertainty as to recovery of fees, as well as the frivolousness of the filings by Plaintiff's counsel, were components of this case that would have led many attorneys to consider it undesirable.   Indeed, frivolous cases often require more hours to litigate than meritorious claims and are much less likely to be resolved amicably between the parties.

**12.      The Nature and Length of the Professional Relationship with the Client**

This factor is not relevant to this case.

Upon consideration of the factors set forth above, Defendant respectfully submits that an award of attorney's fees in the requested amount is reasonable and appropriate.

## OTHER EXPENSES INCURRED BY DEFENDANT

As the prevailing party, Coupons in the News is entitled to an award of its costs as provided

by 28 U.S.C. § 1920.  The taxable costs are:

(1)     Fees of the clerk and marshal;
(2)     Fees for printed or electronically recorded transcripts necessarily obtained
for use in the case;
(3)     Fees and disbursements for printing and witnesses;
(4)     Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case;
(5)     Docket fees under section 1923 of this title;
(6)     Compensation of court appointed experts, compensation of interpreters, and
salaries, fees, expenses, and costs of special interpretation services under section
1828 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

28 U.S.C. § 1920.   Accordingly, Defendant is filing contemporaneously with this motion its Bill

of Costs pursuant to 28 U.S.C. § 1920.  Defendant does not seek a double recovery, but does seek

an award of those costs in addition to its attorney's fees.

Here, Defendant seeks reimbursement of the out-of-pocket costs associated with obtaining

copies from PACER of motions and pleadings served in this case before Coupons in the News was

served with process.  Those fees for copies are taxable pursuant to 28 U.S.C. § 1920(3) or (4).

## CONCLUSION

For the foregoing reasons, Defendant is entitled to an award of its reasonable attorney's

fees in the amount of $23,520.00 and costs in the amount of $16.80.  Defendant therefore

respectfully requests that this Court grant this motion and enter a judgment in its favor and against

Plaintiff in the total amount of $23,536.80, and any further relief the Court deems just and proper.

#78221372_v1

## **Verification**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of September, 2020

/s Jennifer A. Mansfield
Jennifer A. Mansfield
Fla. Bar No. 0186724

## **Local Rule 3.01(g) Certification**

The undersigned hereby certifies that on August 12, 2020, the undersigned counsel for Defendant emailed Plaintiff's counsel in an effort to resolve Defendant's entitlement to attorney's fees, but Plaintiff's counsel never responded.

**HOLLAND & KNIGHT LLP**

s/ Jennifer A. Mansfield
Jennifer A. Mansfield
Fla. Bar No. 0186724
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone:  (904) 353-2000
Facsimile:  (904) 358-1872
jennifer.mansfield@hklaw.com
camille.winn@hklaw.com

*Attorneys for Defendant*

#78221372_v1