UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B. ANDERSON,

     Plaintiff,

vs.                                  Case No. 5:20-cv-41-JSM-PRL

BEST BUY STORES, L.P., a foreign
Limited partnership; COUPONS IN THE
NEWS d/b/a couponsinthenews.com,
a foreign corporation; NAMECHEAP, INC.,
a foreign corporation; WHOISGUARD, INC.,
a foreign corporation, and
FICTITIOUS DEFENDANTS DOEs 1-3,

     Defendants.

_____/

## DEFENDANT COUPONS IN THE NEWS'
## MOTION FOR RULE 11 SANCTIONS

Defendant Coupons In The News, LLC, pursuant to Rule 11, Federal Rules of Civil

Procedure, hereby moves the Court to impose sanctions against Plaintiff and her attorneys pursuant

to Rule 11, and states:

1.     This case is about Plaintiff's altercation at a Best Buy store which resulted in her

arrest, and the subsequent report about that arrest by Coupons in the News. See e.g., Second

Amended Complaint at ¶¶ 2 and Ex. B; Arrest Affidavit/First Appearance Form, Case No. 16.mm-

351, Lake County Court, a redacted copy of which is attached as Exhibit A to Defendant's Motion

to Dismiss.  In the arrest affidavit, the arresting officer related that the Best Buy employees

reported that Plaintiff "was showing her buttocks to other customers in the store and causing a

disruption." Id.

2.      None of the counts in the Second Amended Complaint states a claim, as set forth in Coupons in the News' Motion to Dismiss [Dkt 43] and the Magistrate Judge's Report and Recommendation [Dkt. 53], and the Second Amended Complaint is frivolous.

3.      Rule 11 does not require that an entire case be frivolous, although this one clearly is. Rather, Rule 11 sanctions may be imposed when some portion of a case lacks a good faith basis in law or fact. Here, Plaintiff's continued maintenance and pursuit of the claims in this lawsuit against Coupons in the News violates Rule 11 because of the following independent reasons:

a. Plaintiff falsely labels the news reports by Coupons in the News as advertisements when it is clear on the face of the exhibits attached to the Second Amended Complaint that Plaintiff's photograph was never used in an advertisement by Coupons in the News. Rather, Plaintiff's photographs was used to illustrate a news report about her arrest at a Best Buy Store. Plaintiff's assertion that Plaintiff's photograph used as an illustration to the news report about her conduct and arrest is an "advertisement" is nothing short of frivolous.

b. Plaintiff falsely asserting that Coupons in the News sells coupons or subscriptions to its emailed newsletter, neither of which are true. The falsity of these assertions could be verified within minutes through the use of simple internet research, which should have been done prior to filing the instant lawsuit.

c. Plaintiff's Second Amended Complaint is a quintessential Strategic Lawsuit Against Public Participation ("SLAPP"), which seeks to hold Coupons in the News liable for exercising its constitutional rights to free speech in connection with publishing a news report about a public issue — namely, criminal activity in the community. In that regard, Plaintiff's Complaint is designed to chill speech on a

#75597468_v1

public issue, and it falls squarely within Florida's Anti-SLAPP statute. See Fla. Stat. § 768.295.

d. None of the asserted counts in the Second Amended Complaint state a claim because each is dependent on the false characterization of Coupons in the News' news report as an advertisement.

e. Continued maintenance of this case once on notice of the governing Florida law demonstrating that the use of Plaintiff's photograph in the news report is not a commercial use and is protected by the First Amendment.

WHEREFORE, Defendant Coupons in the News, LLC respectfully requests the Court enter an order awarding sanctions pursuant to Rule 11 against Plaintiff and her legal counsel, and any further relief the Court deems just and proper.

## MEMORANDUM OF LAW

### I.    Legal Standards Governing Rule 11

Pursuant to Rule 11, when an attorney or pro se party signs a paper filed with the Court, that person:

> certifies that 'to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances:*
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added); see also Footman v. Cheung, 341 F. Supp. 2d 1218, 1224 (M.D. Fla. 2004).

#75597468_v1

When determining whether Rule 11 sanctions are warranted, the Court determines whether a party's claims are frivolous. <u>Footman</u>, 341 F. Supp. 2d at 1224. This is an objective standard. <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987). If the Court finds the claims frivolous, it is then to determine whether the signer of the pleading should have been aware that the paper was frivolous, i.e. "whether he would have been aware of the frivolousness if he had made a reasonable inquiry." <u>Footman</u>, 341 F. Supp. 2d at 1224. The Eleventh Circuit has characterized this standard as "reasonableness under the circumstances," and instructs courts to "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." <u>Donaldson</u>, 819 F.2d at 1556. Although not required, the Eleventh Circuit "'considers it prudent' for a district judge to hold a hearing before imposing sanctions." <u>Id.</u> at 1224.

## II. Plaintiff's characterization of Defendant's news reports as an "advertisement" is objectively frivolous.

Here, a review of Exhibits B and C of the Second Amended Complaint objectively demonstrate that Plaintiff's photograph was used to illustrate a news article about her conduct at a Best Buy store which led to her arrest. No reasonable person could characterize the use of Plaintiff's photograph as an advertisement for Coupons in the News.[1] When Plaintiff's photograph is read in conjunction with the article accompanying it, it is clear that the police booking photo is illustrating the news report about Plaintiff's altercation at a Best Buy store. No reasonable person could conclude that the news report or Plaintiff's photograph accompanying it were an

---

[1] Nor could it be reasonably read to be an advertisement for Best Buy. <u>See</u> Report & Recommendation [Dkt. 40] and order adopting same. [Dkt.46]. In any event, Florida's misappropriation of likeness statute and common law claim for invasion of privacy both require that a purported advertisement directly advertise a defendant's product. Therefore, Plaintiff's claims against Coupons in the News as a matter of law could only involve direct advertisement by Coupons in the News of *its* products, not Best Buy's products.

#75597468_v1

"advertisement."  Accordingly, Plaintiff's characterization of the news reports as advertisements is objectively frivolous and sanctions are warranted.

Furthermore, Plaintiff's continued pursuit of her claims in her response in opposition to the motion to dismiss [Dkt. 47] and by filing Objections to the Report and Recommendation constitutes separate Rule 11 violations.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

 /s Jennifer A. Mansfield
Jennifer A. Mansfield
Florida Bar No. 0186724
50 North Laura Street, Ste. 3900
Jacksonville, Florida   32202
(904) 353-2000
(904) 358-1872
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing has been served on counsel of record by first class U.S. Mail and via email on the 12th day of August, 2020, but not filed with the Court until at least 21 days after service, to:

Carol M. Anderson, Esq.
Lawyers Anderson & Anderson, P.A.
1721 Sunset Ridge Dr.
The Villages, FL  32162
andersonandanderson@comcast.net

 /s Jennifer A. Mansfield
Attorney

#75597468_v1