UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

COURTNEY B. ANDERSON,

    Plaintiff,

v.                                                                                              Case No: 5:20-cv-41-Oc-30PRL

COUPONS IN THE NEWS and
JOHN/JANE DOE,

    Defendants.
_____

# ORDER

THIS CAUSE comes before the Court upon Defendant's Renewed Verified Motion to Tax Fees and Costs (Dkt. 64), Defendant's Renewed Motion for Rule 11 Sanctions (Dkt. 67), Plaintiff's Motion for Rule 11 Sanctions (Dkt. 68), and Plaintiff's Motion for Leave to File an Amended Motion for Sanctions (Dkt. 72).  The Court, having reviewed the motions, responses in opposition, court file, and being otherwise advised in the premises, grants in part Defendant's motion for fees and costs and denies the motions for sanctions.

## BACKGROUND

This action arises out of Plaintiff's dispute with an employee at a Best Buy store over a coupon, which resulted in Plaintiff's arrest.   Defendant used Plaintiff's mugshot in articles posted on its website that detailed the events involving Plaintiff's visit at the Best Buy store.  Plaintiff filed suit against Defendant for publishing those articles on the theories of commercial misappropriation of likeness, invasion of privacy, intentional infliction of emotional distress, and unjust enrichment.  Defendant filed a motion to dismiss Plaintiff's claims in their entirety, as well as sought attorney's fees and costs

pursuant to Florida's law on Strategic Lawsuits against Public Participation under § 768.295(4), Florida Statutes ("anti-SLAPP statute").  The Court granted Defendant's motion to dismiss, concluding that Plaintiff failed to state a claim for relief.  The Court further concluded that this case met both requirements of Florida's anti-SLAPP statute and that Defendant is entitled to an award of fees and costs incurred in connection with its claim that this action was filed in violation of the anti-SLAPP statute.  (Dkts. 53 and 59). Defendant now moves for fees and costs.  Defendant seeks attorney's fees in the amount of $23,520.00 and costs in the amount of $16.80.[1]   Both parties also seek sanctions under Federal Rule of Civil Procedure 11.

## DISCUSSION

**I.     Defendant's Motion for Attorney's Fees and Costs**

Calculating an appropriate fee award under federal law involves a two-step process. *See Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1299–1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *See id.* The court may then adjust the lodestar upward or downward after evaluating the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. *See id.; see also Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors to be considered).[2]

---

[1] The Court notes that Plaintiff only challenges Defendant's entitlement to fees and costs, not the amount of fees and costs.

[2] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

2

The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson,* 488 F.2d at 717–19.

The Eleventh Circuit has recognized that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[ ] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach,* 254 F.3d 1302, 1305 (11th Cir.2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County Bd. of Educ.,* 471 U.S. 234, 242 (1985); *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See Hensley,* 461 U.S. at 433. Courts may exclude hours they determine are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301.

In the case at hand, the Court concludes Defendant has presented sufficient records from which this Court can calculate the amount of attorney's fees owed. Pursuant to section 768.295(4), Florida Statutes, the Court "shall award the prevailing party reasonable

3

attorney fees and costs incurred in connection with a claim that an action was filed violation of this section." § 768.295(4), Fla. Stat. This has been construed to mean fees and costs incurred in connection with the motion claiming that an action was filed in violation of § 768.295. *See Berisha v. Lawson*, 378 F.Supp.3d 1145, 1157 fn. 8 (S.D. Fla. 2018) (concluding that the statute provides only for "fees and costs incurred in connection with the SLAPP motion itself"). As such, Defendant can recover its attorney's fees and costs incurred in connection with its motion to dismiss claiming that this action was filed in violation of the anti-SLAPP statute.

Defendant provided its attorney's time entries from May 6, 2020 to August 31, 2020, so the Court can review the reasonableness of counsel's hours and hourly rates. The records reflect that Defendant's counsel performed a total of 44.8 hours in legal services at an hourly rate of $525.00. Having reviewed counsel's time entries, the Court reduces counsel's hours to 32.9 hours for time spent in connection with Defendant's motion to dismiss claiming that Plaintiff's action was filed in violation of § 768.295.

With regard to counsel's hourly rate, counsel relies upon a case from the Southern District where the court concluded that a rate of $440-$460 per hour is a reasonable hourly rate for counsel. *See In re K.J.*, No. 9:16-cv-80177-RLR (S.D. Fla. Aug. 18, 2016). Counsel relies upon a case from a different district involving matters pertaining to the wrongful removal of a minor child under The Hague Convention on the Civil Aspects of the International Child Abduction and the International Child Abduction Remedies Act. The Court notes, however, that "[a] reasonable hourly rate is the prevailing market rate in

4

the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299.

Having reviewed cases from the relevant market involving First Amendment claims and considered counsel's experience, reputation, and ability, the Court concludes that an hourly rate of $450 is reasonable. *See Blake v. Carter*, No. 6:15-cv-2085-Orl-37KRS, 2017 WL 11017902, at *2 (M.D. Fla. Feb. 7, 2017) (concluding that $450 and $375 per hour are reasonable hourly rates for attorneys who work in the area of First Amendment rights and defamation), *report and recommendation adopted*, 2017 WL 11017910 (M.D. Fla. Feb. 28, 2017); *Ranize v. Town of Lady Lake, Fla.*, No. 5:11-cv-646-Oc-PRL, 2015 WL 1037047, at *4-5 (M.D. Fla. Mar. 10, 2015) (concluding $375 per hour is a reasonable hourly rate); *Bee's Auto, Inc. v. City of Clermont*, No. 5:11-cv-525-Oc-PRL, 2014 WL 12829501 at *3 (M.D. Fla. Dec. 17, 2014) (concluding $300 per hour is a reasonable hourly rate). Accordingly, Defendant is awarded $14,805.00 in attorney's fees (32.9 hours at $450 per hour).

Defendant also seeks an award of $16.80 for obtaining copies of motions and pleadings served in this case. The Court concludes that those costs are taxable under 28 U.S.C. § 1920.

## II. Motions for Sanctions under Federal Rule of Civil Procedure 11

Sanctions are appropriate under Rule 11 when a party files a pleading that has no factual basis, when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or when a party files a pleading in bad faith for an improper purpose.

5

*Davis on behalf of J.D.D. v. Carroll*, No. 8:16-cv-998-MSS-MAP, 2018 WL 8370075, at *1 (M.D. Fla. Jan. 2, 2018) (citing *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)).  The Court notes that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Lopes v. Yvette Perya Ans, M.D. P.A.*, No. 09-60734-CIV, 2010 WL 55918, at *1 (S.D. Fla. Feb. 11, 2010).  The Court concludes that Plaintiff's claims were not objectively frivolous so as to merit Rule 11 sanctions and declines to grant Defendant's motion for sanctions.

Plaintiff also moves for sanctions under Rule 11.  The Court notes that Plaintiff failed to comply with the requirements of Rule 11 by filing her motion before the 21-day safe harbor period.  Fed. R. Civ. P. 11(c)(1)(A) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").  Plaintiff's motion was served on September 21, 2020, and filed three days later, on September 24, 2020.  In addition, the Court notes that the "Certificate of Service" in Plaintiff's motion improperly certifies that the motion was served "on the 24th day of September 2020, but not filed with the Court until at least 21 days after service."  (Dkt. 68, p.11).  Plaintiff subsequently filed a motion seeking leave from the Court to refile her motion for sanctions.  The Court denies Plaintiff's motion for sanctions for failure to comply with requirements of Rule 11 and declines to grant Plaintiff leave to file an amended motion for sanctions.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Renewed Verified Motion to Tax Fees and Costs (Dkt. 64) is granted in part.

   a. Defendant Coupons in the News is awarded $14,805.00 in attorney's fees and $16.80 in costs.

   b. The Clerk is directed to enter a judgment for attorney's fees and costs in favor of Defendant Coupons in the News and against Plaintiff Courtney B. Anderson in the amount of $14,821.80.

2. Defendant's Renewed Motion for Rule 11 Sanctions (Dkt. 67) is denied.

3. Plaintiff's Motion for Rule 11 Sanctions (Dkt. 68) is denied.

4. Plaintiff's Motion for Leave to File an Amended Motion for Sanctions (Dkt. 72) is denied.

**5.** The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of November, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record